## HENRY W. PECK *et al. v.* THOMAS COURTIS *et als.*

APPEAL FROM ORDER.—No appeal lies directly from an order overruling exceptions to a referee's report.

APPEAL FROM ORDER DENYING NEW TRIAL.—An appeal from an order denying a new trial must be taken within sixty days after the order is made and entered in the minutes of the Court.

APPEAL IN PARTITION.—The Act of 1864, allowing appeals to be taken from an interlocutory order in partition determining the rights of the several parties, and directing a partition, does not apply to such judgments rendered before its passage.

APPEAL FROM FINAL JUDGMENT.—The one year within which an appeal must be taken from a final judgment commences to run from the time the judgment is rendered by the Court, and not from the time it is entered in the Judgment Book by the Clerk.

CASE AFFIRMED.—*Gray* v. *Palmer*, 28 Cal. 417, affirmed.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

The defendants appealed.

The other facts are stated in the opinion of the Court.

*Wm. H. Letcher*, *John Wilson*, and *Selden S. Wright*, for Appellants.

*R. F. Peckham*, *D. S. Payne*, and *McConnell*, for Respondents.

By the Court, SAWYER, J.:

Action for partition of the Soquel Rancho. The appeal is: Firstly—From an order made April 22d, 1863, overruling appellant's exceptions to the referee's report. Secondly—From an order of the same date denying appellant's motion for a new trial. Thirdly—From an interlocutory judgment, of the same date, settling the rights of the parties and determining that a partition should be made. Fourthly, and lastly—From the final judgment in the case.

It is claimed by respondents that the appeals from such orders and judgments as are proper subjects of appeal were not taken within the time prescribed by the statute—that the Court, therefore, has no jurisdiction of said appeals, and that they must be dismissed.

Firstly—No appeal lies directly from the order overruling the exceptions to the referee's report. (Prac. Act, Sec. 347.)

Secondly—The order denying appellant's motion for new trial was entered April 22d, 1863. The appeal was not taken till July 8th, 1865—more than two years afterward. An appeal from an order denying a new trial can only be taken "within sixty days after the order is made and entered in the minutes of the Court." (Prac. Act, Sec. 336.) The appeal, therefore, was not in time.

Thirdly—The interlocutory judgment was entered April 22d, 1863. At that time no appeal from such judgments was allowed. The final judgment only was the subject of an appeal. (Prac. Act, Sec. 347.) On the 23d day of March, 1864, an Act was passed authorizing an appeal in an action for

partition from an interlocutory judgment "which determines the rights of the several parties and directs a partition to be made." (Laws of 1864, p. 223.) This Act did not take effect till sixty days after its passage—more than a year after the entry of the interlocutory judgment from which the appeal in this case is taken. We have before given a construction to this Act, and held that it is prospective in its operation, and does not apply to judgments entered before its passage. (*Gates* v. *Salmon*, 28 Cal. 321; *Peck* v. *Vandenberg*, 30 Cal. 11.) We have no doubt as to the correctness of the construction adopted. An appeal from the interlocutory judgment was, therefore, unauthorized.

Lastly—As to the final judgment from which an appeal is also taken, it appears from the record that "the cause having come on to be heard before the Court on the 22d day of December, 1863, upon the report of the referees, and the Court having been sufficiently advised thereupon, it was ordered, adjudged and decreed by the Court that the said report of the said referees be confirmed, and that judgment be entered according to the said report, and that said partition be effectual forever." The judgment thus rendered on the 22d of December, 1863, was not in fact "entered" in the Judgment Book by the Clerk till July 25th, 1864, some six months after its rendition. But an appeal from a final judgment must be taken "within one year after the rendition of the judgment." (Prac. Act, Sec. 336.) The time begins to run from the time when the judgment is rendered, not from the time when it is entered. The rendition and entry of a judgment are entirely different acts—one is to be performed by the Court, and must be first in order of time, and the other by the Clerk. Often, in practice, a long period of time elapses between these two events. We had occasion to examine this question fully in *Gray* v. *Palmer*, 28 Cal. 417. The case was elaborately argued and the construction of section three hundred and thirty-six of the Practice Act finally settled. We

27

are satisfied with the construction given to the section in question, in that case, and do not propose to go over the argument again. Clearly, under the construction of the statute established by that decision the final judgment was rendered in this case on the 22d of December, 1863, when the Court announced its decision confirming the report of the referees, and ordering judgment to be entered according to the report and in pursuance of its determinations. This was more than eighteen months before the appeal was taken. It follows that the appeal was not in time, and this Court has no jurisdiction to entertain it.

Ordered that the several appeals herein be dismissed.