## JOSEPH GENELLA *v.* CHAUNCEY RELYEA, AND JOHN MIDDLETON *et als.*, AND JOHN MIDDLETON *v.* JOSEPH GENELLA *et als.*

TIME WITHIN WHICH TO APPEAL.—The one year within which to appeal from a judgment commences to run at the time the Court announces its judgment and the order for judgment is entered in the minutes, and not at the time the Clerk enters the judgment in the Judgment Book.

NOTICE OF APPEAL.—A notice of appeal which states that the appeal is taken "from all orders of the District Court made and entered in the action" is insufficient.

JUDGMENT.—The entry of a judgment in the Judgment Book is a mere ministerial duty of the Clerk.

APPEAL FROM ORDER.—No appeal lies from an order striking out a statement, or from an order denying a motion to certify a statement.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The above cause is but one action, and being on original bill to foreclose two mortgages, and on cross bill to set aside and cancel those mortgages, and another mortgage based upon the same title, both actions were tried together, and only one judgment was rendered in the Court below. The Court dismissed the bill to foreclose the mortgages, and gave judgment that they be cancelled and surrendered. The plaintiff, Genella, appealed. The respondent moved to dismiss the appeal.

The other facts are stated in the opinion of the Court.

*J. W. Dwinelle*, for the Motion.

*E. L. B. Brooks*, against the Motion.

By the Court, SAWYER, J. :

The Court announced its judgment, and the order for judgment was entered in the minutes of the Court on the 15th of August, 1865. The judgment was therefore rendered, and the time for taking an appeal commenced to run on that day. (*Gray* v. *Palmer*, 28 Cal. 416 ; *Peck* v. *Courtis*, 31 Cal. 207.) But the judgment was actually drawn up in the form in which

it was designed to be entered, signed by the Judge, and filed by the Clerk on the 9th of September, 1865, and nothing remained to be done except the mere ministerial duty, to be performed by the Clerk, of copying it into the Judgment Book. (*Casement* v. *Ringgold*, 28 Cal. 337.) The notice of appeal from this judgment was filed and served on the 11th of September, 1866. Whether we regard the 15th of August, or the 9th of September, 1865, as the date of the rendition of the judgment is, therefore, a matter of no consequence; for, in either case, more than a year had elapsed before the appeal was taken, and the time for taking an appeal from the judgment had expired.

As to that portion of the appeal "from all orders of the District Court, made and entered in the said two actions jointly and severally, either before or after judgment," the notice of appeal is too general. It points out no particular order, and is insufficient. But if, as supposed by respondent, the intention was to appeal from the orders of December 26th, 1865, striking out statement on motion for new trial, and refusing motion to certify statement, more than sixty days had elapsed after the entry of the orders before the service of notice of appeal, and the appeal was not in time. Besides, no appeal lies from those orders. (Prac. Act, Sections 336 and 347 ; *Leffingwell* v. *Griffing*, 29 Cal. 193 ; *Ketchum* v. *Crippen*, 31 Cal. 365.) The appeal was not in time and must be dismissed, and it is so ordered.

Mr. Justice SHAFTER, being disqualified, did not sit in this case.