[No. 13279. Department One. — June 18, 1891.]

## MARIA L. CRIM ET AL., RESPONDENTS, v. JOHN F. KESSING, APPELLANT.

JUDGMENT — ACTION — DEFICIENCY JUDGMENT IN FORECLOSURE SUIT — EVIDENCE. — Where, in an action upon a deficiency judgment rendered in a suit for foreclosure of a mortgage, the plaintiffs offered in evidence the judgment roll, containing a judgment of the same court, in terms purporting to be the deficiency judgment alleged in the complaint, in favor of the plaintiffs' testator, and against the defendant in the foreclosure suit, in which he had appeared, and of which the court had jurisdiction, it was not error for the court to admit it in evidence.

ID. — CONCLUSIVENESS UPON COLLATERAL ATTACK — JURISDICTION — EQUITABLE DEFENSE — PLEADING. — The judgment of a domestic court of general jurisdiction is conclusively presumed to be correct, and when introduced in evidence in another proceeding, cannot be impeached, unless the record of the judgment shows that the court did not have jurisdiction of the subject-matter of the action or of the person of the defendant.

ID. — SUBSTITUTION OF SUCCESSOR — ORDER MADE AND NOT ENTERED — NUNC PRO TUNC ORDER — COLLATERAL ATTACK. — Where an order of the court was made in the action of foreclosure, substituting the successor in interest of the plaintiff as plaintiff in the action, but the order was not entered in the minutes by the clerk, the court has jurisdiction to have an order entered nunc pro tunc, making the substitution; and its action in making such order is conclusive against any collateral attack.

ID. — POWER OF AMENDMENT — NOTICE — CONCLUSIVENESS OF CORRECTION — EVIDENCE. — All courts of record have the inherent power to correct their records so that they shall conform to the actual facts and speak the truth of the case; and such correction may be made at any time, either upon the motion of the court itself without notice, or at the instance of any party interested; and when made, the corrected record, as

well as the order making the correction, is conclusive upon any other court in which the record is offered in evidence.

ID. — MINUTE ENTRY OF DECISION — FINDINGS — RENDITION OF JUDGMENT — MINISTERIAL DUTY OF CLERK — TIME OF ENTRY OF JUDGMENT. — An entry by the clerk, at the end of the trial, in the minutes of the court, of the decision of the judge does not constitute a judgment, though it constitutes the rendition of judgment when findings are waived. When findings of fact are not waived, and are filed by the court, they constitute the rendition of judgment, the entry of which becomes the ministerial duty of the clerk, which may be performed by him at any time, even after the expiration of office of the judge rendering the decision.

ID. — AUTHENTICATION — SIGNATURE OF JUDGE — ACTION OF SUCCESSOR. — A judgment need not be signed by the judge rendering it, and the effect of a judgment is not impaired by the failure of the judge to authenticate it, and its subsequent authentication by his successor.

ID. — CHANGE OF CONCLUSIONS OF LAW — POWER OF SUCCESSOR OF JUDGE — PRESUMPTION — NOTICE AND SHOWING. — The court may at any time before the entry of judgment change its conclusions of law upon the facts found, and such change may be made by the successor of the judge who tried the cause, and it will be presumed conclusively, in an action upon the judgment, that the change was made upon whatever notice and showing were necessary and proper.

ID. — IRREGULARITY — COLLATERAL IMPEACHMENT OF JUDGMENT. — Steps taken by a court within its jurisdiction, however irregular, can be remedied only on a direct proceeding for that purpose.

ID. — STATUTE OF LIMITATIONS — ENTRY OF JUDGMENT — ACTION. — The statute of limitations does not begin to run against an action upon a judgment until its entry upon the records of the court.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Henry C. Firebaugh,* for Appellant.

The decision rendered May 20, 1882, was the judgment of the court, and thereupon the judgment was rendered and the rights of the parties established. Neither findings nor entry otherwise was necessary to its validity as a judgment. (*In re Cook,* 77 Cal. 220; *Schurtz v. Romer,* 81 Cal. 247; Code Civ. Proc., secs. 577, 1908; *In re*

*Cook,* 83 Cal. 415.) The granting of the *nunc pro tunc* order was error, and the applicant had no right to obtain such relief *ex parte,* and on an application more than six months .after the judgment was rendered. (Code Civ. Proc., sec. 473; *Morrison* v. *Dapman,* 3 Cal. 256; *Metcalf* v. *Metcalf,* 19 Ala. 319; 54 Am. Dec. 190; *De Castro* v. *Richardson,* 25 Cal. 52; *Hegeler* v. *Henckel,* 27 Cal. 492; *Estate of Schroeder,* 46 Cal. 316; *Bostwick* v. *McEvoy,* 62 Cal. 496; *Spanagel* v. *Dellinger,* 34 Cal. 482; *Wiggin* v. *Superior Court,* 68 Cal. 398; *Wharton* v. *Harlan,* 68 Cal. 422; *Estate of Hudson,* 63 Cal. 456; *Hill* v. *Beatty,* 61 Cal. 292; *Ede* v. *Hazen,* 61 Cal. 361; *Bell* v. *Thompson,* 19 Cal. 707; *People* v. *Greene,* 74 Cal. 405; 5 Am. St. Rep. 448; *Los Angeles Bank* v. *Raynor,* 61 Cal. 145; *Moore* v. *Superior Court,* 86 Cal. 496, and authorities there cited.) If the decree of Judge Sullivan now under consideration is to be considered as an amendment to Judge Allen's judgment or findings, it could not have been made even by Judge Allen the next day after he made the findings, without notice to the defendant, much less could it be made by Judge Sullivan a year and a half afterwards, without notice and without hearing or evidence. ( *Wunderlin* v. *Cadogan,* 75 Cal. 617; *Haggin* v. *Clark,* 71 Cal. 444; *Prince* v. *Lynch,* 38 Cal. 531; 99 Am. Dec. 427; *Hidden* v. *Jordan,* 28 Cal. 304, 305; *Cowing* v. *Rogers,* 34 Cal. 652; *Carpentier* v. *Gardiner,* 29 Cal. 163; *Calderwood* v. *Pyser,* 31 Cal. 337; *Tewksbury* v. *Magraff,* 33 Cal. 237, 247, 255; Civ. Code, secs. 3513, 3515, 3516; Code Civ. Proc., secs. 473, 1908; *Mace* v. *O'Reilley,* 70 Cal. 231; *Kittridge* v. *Stevens,* 16 Cal. 382; *Ladd* v. *Ruggles,* 23 Cal. 233; *Warring* v. *Freear,* 64 Cal. 55; *Wilson* v. *Wilson,* 64 Cal. 92.) A suit on a judgment must be commenced within five years from the time it is a judgment, and not from the time of its entry. (*In re Cook,* 77 Cal. 220. See Code Civ. Proc., secs. 312, 335, 336.) A deficiency judgment on foreclosure proceedings is barred by limitation in the time that a suit on the original judg-

ment would be barred. (*Bowers* v. *Crary*, 30 Cal. 622; *Leviston* v. *Henninger*, 77 Cal. 461.)

*Blake, Williams & Harrison,* for Respondents.

This action is collateral to that in which the judgment sued upon was rendered. (*Palmer* v. *Glover*, 73 Ind. 530; *Finneran* v. *Leonard*, 7 Allen, 55; 83 Am. Dec. 665; *Cook* v. *Darling*, 18 Pick. 393; *Ward* v. *Barber*, 1 E. D. Smith, 423.) Unless it appears affirmatively on the face of the record that the court had no jurisdiction, the judgment cannot be attacked in a collateral action. (*Hahn* v. *Kelly*, 34 Cal. 402; 94 Am. Dec. 742; *Sharp* v. *Lumley*, 34 Cal. 615; *Quivey* v. *Porter*, 37 Cal. 462; *Drake* v. *Duvenick*, 45 Cal. 455; *Breeze* v. *Ayres*, 49 Cal. 208; *Hodgdon* v. *S. P. R. R. Co.*, 75 Cal. 642.) Crim was properly and regularly substituted as plaintiff in the foreclosure suit. The court had the power to enter the judgment *nunc pro tunc.* (*Swain* v. *Naglee*, 19 Cal. 127; *Beatty* v. *Dixon*, 56 Cal. 619, 624; Freeman on Judgments, secs. 69, 72; *Hegeler* v. *Henckell*, 27 Cal. 491; *Bostwick* v. *McEvoy*, 62 Cal. 496; *Dreyfuss* v. *Tompkins*, 67 Cal. 339.) Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk. (Code Civ. Proc., sec. 632.) This decision in writing must be filed, or the judgment cannot stand; but it need not be done until after the court announces its judgment. And mere signing is not sufficient. (*Vermule* v. *Shaw*, 4 Cal. 215; *Broad* v. *Murray*, 44 Cal. 229; *Comstock Q. M. Co.* v. *Superior Court*, 57 Cal. 625; *Hastings* v. *Hastings*, 31 Cal. 95; *Johnston* v. *S. F. Savings Union*, 75 Cal. 139.) The minute entry of March 20, 1882, was of an order for judgment merely; and an order for judgment is not a final judgment. (*Macnevin* v. *Macnevin*, 63 Cal. 186; *Mace* v. *O'Reilley*, 70 Cal. 232; *Johnston* v. *S. F. Savings Union*, 75 Cal. 139.) The fact that the *nunc pro tunc* order was signed by a judge other than the one who tried the case has nothing to do with its validity, and the same is true

of the final judgment and decree of foreclosure and sale, as it was the same court acting in each instance. (*Dorland* v. *Hanson*, 81 Cal. 202.) This action was not barred by the statute of limitations, as the statute did not begin to run until September 28, A. D. 1883, the date of the entry of the judgment. (*Parke* v. *Williams*, 7 Cal. 247; *Trenouth* v. *Farrington*, 54 Cal. 273.)

HARRISON, J. — April 23, 1877, Carrie A. Beach commenced an action in the late twelfth district court, upon a promissory note executed by the appellant, and to foreclose a mortgage on certain real property given to secure the payment of the same. May 20, 1882, the cause was tried upon the complaint and the answer of the appellant before Hon. J. M. Allen, who on the same day announced his decision, which was thereupon entered in the minutes of the court, but findings were not filed until December 29, 1882. The term of office of Judge Allen expired December 31, 1882, and on January 10, 1883, the court made an order *nunc pro tunc* as of March 20, 1882, that "Samuel Crim, the successor in interest of the plaintiff herein, be and he is hereby substituted as the plaintiff in this action, and that this action continue in his name as such plaintiff, in the place and stead of Carrie A. Beach, plaintiff therein." September 28, 1883, a judgment of foreclosure and for the sale of the mortgaged premises, signed by Hon. J. F. Sullivan, judge of said court, was entered of record in the cause. On the same day an order of sale was issued upon said judgment, under which the sheriff sold the mortgaged premises, and thereafter, on the seventeenth day of November, 1883, he made and filed his return of the same, showing a deficiency of $947.17, for which amount judgment was on that day docketed against the appellant, and in favor of Samuel Crim. September 4, 1888, the respondents, as the executors of the last will and testament of said Crim, commenced this action against the appellant to recover

the amount of said judgment. In his answer the defendant denied the rendition of the judgment alleged in the complaint, and alleged that certain proceedings which had been taken in the case of *Beach* v. *Kessing* prior to the entry of the judgment were unauthorized and without the jurisdiction of the court, and also pleaded the statute of limitations. The action was tried by the court without a jury, and judgment rendered in accordance with the prayer of the complaint. A motion for a new trial having been made and denied, an appeal has been taken to this court from both the judgment and order denying a new trial.

When the plaintiffs offered in evidence the judgment roll in the case of *Beach* v. *Kessing*, the defendant made various objections thereto, which were overruled. The admissibility of the judgment was to be determined by the court upon its inspection; and inasmuch as it was a judgment of the same court, and in terms purported to be the judgment alleged in the complaint, in favor of plaintiff's testator, and against the defendant, in an action against the defendant, in which he had appeared, and of which the court had jurisdiction, the court committed no error in admitting it in evidence. The objection that the complaint was upon a judgment in an action wherein Samuel Crim was plaintiff, whereas the one offered in evidence was a judgment in favor of Carrie A. Beach, was answered by the fact that the judgment was entitled " Samuel Crim, substituted in place of Carrie A. Beach, plaintiff, *v.* John F. Kessing *et al.*, defendants "; and after directing a sale of the mortgaged premises, adjudged that for any deficiency upon such sale " the clerk of the court docket a judgment for such balance against the defendant John F. Kessing, and that the defendant John F. Kessing pay to the said Samuel Crim the amount of said deficiency and judgment."

The judgment of a domestic court of general jurisdic-

tion is conclusively presumed to be correct, unless the record itself of the judgment shows that the court did not have jurisdiction of the subject-matter of the action or of the person of the defendant. When the court has such jurisdiction, its record speaks absolute verity, because it is the court's record of its own acts; and such jurisdiction will be conclusively presumed, unless the contrary appears upon the face of the record. Whenever such judgment is received as evidence in another proceeding, it cannot be impeached; "for it is a settled rule and maxim that nothing shall be averred against a record, nor shall any plea or even proof be admitted to the contrary." (3 Bla. Com. 24.) In *Carpentier* v. *City of Oakland,* 30 Cal. 439, an action of debt was brought upon a judgment that had been previously rendered in an action between the same parties, and it was held in the court below that the defendant could not show that service of the summons had not been made upon it in the original action. In affirming this ruling the supreme court used the following language: "The maxim of the law is, that the judgment of a court of general jurisdiction imports absolute verity, and its truth cannot be questioned, either by showing otherwise than by the record itself that the court had no jurisdiction, or that its jurisdiction was fraudulently procured. Both upon the merits of the cause of action and upon all jurisdictional facts, the record imports absolute verity in law, and is to be tried by the court on inspection of the record only." In *Drake* v. *Duvenick,* 45 Cal. 455, a judgment in ejectment was offered in evidence, and it was objected to by the defendant upon the ground that no judgment had ever been rendered by the court, and that the clerk had no power to enter the judgment by default. The court said (page 462): "Purporting to be a judgment of the court, and found regularly entered in its minutes, the presumption is, it was entered in pursuance of an order of the court. The rule is elementary that upon

collateral attack all intendments are indulged in support
of the judgments of courts of superior jurisdiction.
Their records are conclusively presumed to speak the
truth, and whatever is upon their records is presumed
— the contrary not appearing — to be rightfully there."
At the common law the only plea that was allowed to an
action upon a judgment was *nul tiel record,* and the trial
of this issue was by the record alone; "for, as Sir Edward
Coke observes, a record or enrollment is a monument of
so high a nature, and importeth in itself such absolute
verity, that if it be pleaded that there is no such record,
it shall not receive any trial by witness, jury, or other-
wise, but only by itself." (3 Bla. Com. 331.) Such
answer was, in effect, pleaded by the defendant in the
present case, but the record of the judgment itself, hav-
ing been produced and received in evidence, established
the allegations of the complaint.

Under our system of pleading, the defendant could
have set up in his answer matter which would constitute
an equitable defense to the judgment; but, as was said
in *Carpentier* v. *City of Oakland,* 30 Cal. 439, "he must
plead such defense as fully as if he were bringing a suit
instead of defending one, . . . . and file an answer which
in matter of allegation would be a good bill in equity under
the old system." An examination of the answer herein
shows that it falls far short of this requirement, and in
fact has not been regarded by the appellant either at
the trial or on this appeal as an equitable defense to
the judgment, within the rule above mentioned.

The appellant maintains, however, that the verity of
the judgment is impeached by an inspection of its record,
and in his argument maintains that the various pro-
ceedings that were had subsequent to the entry in the
minutes in March, 1882, were without the jurisdiction
of the court, and that the judgment as finally entered
was void.

1. The court had jurisdiction to make the order of

January 10, 1883, by which Crim was substituted as plaintiff in the place of Beach, and its action in making such order is conclusive against any collateral attack. All courts of record have the inherent power to correct their records so that they shall conform to the actual facts, and speak the truth of the case; and such correction may be made at any time, either upon the motion of the court itself, or at the instance of any party interested in the matter. Ordinarily, a court would require notice of the motion to be given to all parties interested, but it has the power to make the correction without such notice. When made, the record so corrected, as well as the order making the correction, is conclusive upon any other court in which the record is offered in evidence. (*Balch* v. *Shaw*, 7 Cush. 282.) It appears by the order made in the present case that proof was made to the satisfaction of the court that at the trial of the cause, March 20, 1882, such order of substitution was in fact made, but had not been entered by the clerk. That court was the sole judge of the sufficiency of the proofs offered in support of the motion, and its action is conclusive, except in direct proceedings to vacate the order. The order making the substitution being an order "relating to a change of parties," became a part of the judgment roll (Code Civ. Proc., sec. 670), and imported the same verity as the other parts of the record.

2. The clerk's entry in the minutes of the trial, March 20, 1882, did not constitute a judgment. It was only a record of a portion of the proceedings in the case. "A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., sec. 577.) The complaint prayed for the foreclosure of a mortgage and the sale of the premises mortgaged to secure the payment of the note. The answer did not deny the execution and existence of the mortgage, but alleged that after the action had been commenced, and while it was pending, the defendant made a payment

upon the principal of the note, and also of the costs of
the action, and that it was then agreed by the plaintiff
that the action should be dismissed. This was the only
issue presented by the pleadings to be tried by the court;
and the court, having found against the defendant upon
this issue, ascertained the amount due upon the note,
and ordered judgment for that amount. Both parties
had appeared at the trial, and there was no waiver by
them of findings of fact. Although the court then ascer-
tained the amount of money for which the plaintiff was
entitled to a judgment, yet, inasmuch as the payment of
that amount was secured by a mortgage, it was necessary
that the judgment when entered should "direct a sale
of the encumbered property, and the application of the
proceeds of the sale to the payment of the costs of the
court and the expenses of the sale, and the amount due
to the plaintiff." (Code Civ. Proc., sec. 726.) It would
have been error for the court to enter a mere money
judgment against the defendant for the amount then
ascertained to be due on the note. Until after a sale of
the mortgaged premises there could be no personal judg-
ment docketed against him. The court did not, as is
claimed by appellant, "refuse" the plaintiff any other
relief than the money judgment. Its only action at this
time was to determine the amount for which judgment
should be entered, leaving the form of the judgment by
which this amount should be collected until it should
render its "decision" upon the whole case. The statute
required its decision to be "given in writing and filed
with the clerk" (Code Civ. Proc., sec. 632), and in it the
facts found and conclusions of law were to be separately
stated. (Code Civ. Proc., sec. 633.) The "decision"
upon which by section 633 the judgment is to be entered
is that which by section 632 is to be given in writing and
filed with the clerk; and until so given and filed there is
no "decision" upon which judgment can be entered
and consequently no authority for entering any judg-

ment. Accordingly, the judge before whom the case was tried made his findings of fact, and they were filed December 29, 1882. This was the rendition of the judgment which the clerk could thereafter at any time enter at length in the records of the court.

The entry of a judgment after it has been rendered by the court is but the ministerial act of the clerk. The judgment, when entered, becomes the record of what the court has determined, and then becomes as binding upon the parties as if entered immediately upon its rendition. " The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial." (Freeman on Judgments, sec. 38.)

Under the system of practice which prevailed in this state prior to the adoption of the codes in 1872, findings were not essential to the entry or validity of a judgment (Practice Act, sec. 180); and under that system it was held that the entry in the clerk's minutes of the decision as announced by the court constituted the " rendition of the judgment." (*Gray* v. *Palmer*, 28 Cal. 416; *Genella* v. *Relyea*, 32 Cal. 159.) But under the provisions of the Code of Civil Procedure, whenever findings are required there can be no " rendition of the judgment " until they are made and filed with the clerk. Findings of fact, however, are required only " upon the trial of a question of fact," and they may in all instances be waived. Whenever they are waived or are not required, the entry of its decision in the minutes of the court constitutes the " rendition of the judgment " in the same manner as it did under the former system. In the case of *Cook* v. *Cook*, which was under consideration by this court in *Estate of Cook*, 77 Cal. 220, the defendant, after service of the summons upon him, made default, and the referee to whom the matter had been referred to take the necessary proofs having made his report, the court upon the hearing thereof made an order which was then entered in its minutes, decreeing a divorce between the

parties to the action, and this court held that inasmuch as in case of a default findings are not required, the entry in the minutes constituted the " rendition of the judgment."

3. The subsequent authentication to the clerk by Judge Sullivan of the judgment to be entered did not impair its effect. The cause had been fully tried before Judge Allen, and he had rendered his decision before going out of office. The entry of the judgment upon that decision, being but a ministerial act, could be performed by the clerk after Judge Allen's term of office had expired, with as much effect as before. (*Roberts* v. *White*, 39 N. Y. Sup. Ct. 272.) There is no provision in our statute requiring any judgment to be signed by a judge, and it has been held that a judgment which is produced from the original records of the court in which it was rendered needs no signature or exemplification. (*Clink* v. *Thurston*, 47 Cal. 29.) The signature by the judge is " merely to give the clerk a surer means of correctly entering what has been adjudged." (*Estate of Cook,* 77 Cal. 227.)

Whether if the clerk had, without any authentication from the court, entered the judgment which was subsequently entered, it would have been error, for the reason that in the conclusions of law made by Judge Allen there was no direction for a sale of the mortgaged premises, we are not called upon to decide in this case. The court could, at any time before entry of judgment, change its conclusions of law upon the facts that had been found (*Condee* v. *Barton*, 62 Cal. 1); and such change could be made by another judge than the one who had tried the cause. The complaint contained a prayer for the sale of the mortgaged premises, and the findings of fact, taken in connection with the facts that were admitted by the answer, would have justified the court in giving such relief. If it were necessary for the court to give any notice of such action, we could assume that the form of the

judgment as entered was made by the court after notice
to the defendant, and upon a proper showing therefor.
As was said by this court in *In re Cook*, 83 Cal. 418: "So
long as the decree stands, it is conclusive as to all mat-
ters of evidence necessary to its validity." In *Sanford* v.
*Sanford*, 28 Conn. 6, after the defendant had appeared
in the action, the court, upon the motion of the plaintiff,
had entered an order of nonsuit. Nearly two years
thereafter, in the absence of the defendant, and without
any proof appearing upon the record that notice had
been given to him, the court proceeded to try the cause,
and rendered judgment against him. In an action upon
that judgment the supreme court of Connecticut held that
the jurisdiction of the court must be presumed to have
been properly exercised, and that its action in the exer-
cise of such jurisdiction could not be collaterally im-
peached, saying: "If it were conceded to be necessary
to the validity of the order of the court setting aside the
nonsuit in question that notice of the motion for that
purpose should have been given to the defendant, the
presumption is that such notice was given, and this
presumption supersedes the necessity of an express
statement to that effect on the record."

This principle is not affected by the fact that in the
present case the court finds that the judgment in ques-
tion was entered "without notice to the defendant, Kes-
sing, and in his absence from court," since, as we have
before seen, the judgment itself cannot be impeached
by any evidence outside of its own record. Even an in-
consistency between the findings and the judgment will
not impair the judgment, "for the question whether
the findings support the judgment—in other words,
whether the judgment is erroneous — cannot be raised
in a collateral action." (*Johnston* v. *San Francisco Sav.
Union*, 75 Cal. 139.) From the time that the court ac-
quires jurisdiction of the defendant until the entry of
the judgment, all the steps that are taken by the court

are movements within its jurisdiction, and however irregular such movements may be, they constitute only error, which must be remedied on a direct proceeding for that purpose.

It follows from the foregoing considerations that the objections made by the defendant to the sufficiency of the judgment cannot be sustained.

The only remaining question presented by the record is, whether the judgment sued upon was barred by the statute of limitations. This, however, we think cannot be considered an open question in this state. In *Trenouth* v. *Farrington*, 54 Cal. 273, it was expressly held that the statute of limitations does not begin to run until the entry of the judgment, and in *Condee* v. *Barton*, 62 Cal. 1, it was held that a judgment is not final until it is recorded.

The evidence of Crim, which was objected to, did not tend to vary or contradict the record. It was, in fact, immaterial, and it was not necessary that the plaintiff should have offered it. We do not think, however, that it could by any possibility have prejudiced the defendant. (*Hobbs* v. *Duff*, 43 Cal. 489.)

The judgment and order denying a new trial are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.