Mayer *v.* Haggerty.

No. 16,834.

## MAYER *v.* HAGGERTY.

JUDGMENT.—*When will be Considered as Rendered.*—Where a court reads and files a finding and orders judgment to follow the finding, judgment will be considered as rendered of that date.

SAME.—*Time of Appeal.*—The time within which an appeal must be taken begins to run from the date of the rendition of the judgment and not from the date of its entry by the clerk in the order book.

SAME.—*Nunc Pro Tunc Entry of.—Time of Appeal.*—Where a judgment is entered *nunc pro tunc,* the time within which an appeal can be taken dates from the day on which the judgment should have been entered and not from the date on which the order for the *nunc pro tunc* entry is made.

SAME.—*Partition.—Final Judgment.—New Trial as of Right.*—Where, in a suit for partition, the title to the real estate is put in issue, and a judgment is rendered as to all the matters in issue, with the usual order for partition, the judgment is a final one as to such matters, and a motion for a new trial as of right must be made within one year from its rendition.

SAME.—*Lien of.—Bankruptcy.—Discharge.*—The lien of judgments rendered against a debtor prior to his discharge in bankruptcy does not attach to the third interest in land vested in his wife by the register's conveyance to the assignee in bankruptcy, which interest he inherits after his discharge.

REAL ESTATE.—*Improvements During Litigation.—Bona fide* improvements, for which a claim can be made, can not be put upon land pending litigation concerning it.

SPECIAL JUDGE.—*Appointment.— Presumption of Regularity.*—In the absence of a showing to the contrary, it will be presumed on appeal that the trial court acted within the law in appointing a special judge.

SAME.—*Powers of.— Nunc Pro Tunc Entry.—New Trial.*—A special judge appointed to try a cause is the proper person to consider motions therein for a *nunc pro tunc* entry of judgment and for a new trial.

From the Vigo Circuit Court.

*I. N. Pierce, W. Mack, D. W. Henry, G. M. Crane* and *J. T. Crandell,* for appellant.

*C. F. McNutt, J. G. McNutt* and *S. B. Davis,* for appellee.

DAILEY, J.—This suit was brought by appellee, Haggerty, against Anton Mayer, in which plaintiff claimed an one-third interest in certain lands for partition. The lands had belonged to Haggerty, and were sold in 1878 by his assignee in bankruptcy, to appellant. Before the sale, the appellee had a wife, who, he claimed, inherited the undivided one-third part thereof under the statute. The wife died prior to the sale, and the appellee asserts title by descent from her.

The appellant, after purchasing the interest from the assignee, claims to have purchased the remaining interest by sale on execution issued on judgments that were rendered prior to the judgment of bankruptcy.

The complaint is in two paragraphs, the first a simple petition for partition; the second sets out appellee's title to one-third of the real estate in controversy, and admits appellant's title to the undivided two-thirds, also that appellant claims to hold judgment liens which he is seeking to enforce against appellee's share, by sheriff's sale, setting up facts to show that said liens are satisfied, and asking that they be so declared; that appellee's title be quieted, and for partition.

Mayer demurred to the second paragraph. The court overruled the demurrer, and an exception was taken. He then filed a general denial and counterclaim in two paragraphs. Haggerty filed an answer to the counterclaim, to which Mayer demurred. The court overruled the demurrer, to which he excepted.

The cause then came on for trial before the Hon. Joshua Jump, special judge, and was by him tried. On the 4th day of February, 1890, the court made its special finding, in which it fully settled all the issues as to the rights of the parties, finding that appellant owned two-thirds of the real estate and appellee the one-third thereof; that appellee owed appellant $132.45 for one-third of

the taxes and street improvement assessments paid by appellant, and ordering partition, and that the debt found due to appellant should be paid to him by the commissioners in the assignment of interests.

The court prepared the entry of the finding for the clerk, and, at the close of the said entry, the court's decree, so prepared, reads: "Judgment and decree accordingly," and that partition be made of said real estate, etc.

The court filed the entry with the clerk on February 4, 1890. The clerk, in entering the finding and judgment on the order-book, by mistake, omitted the judgment directed by the court. It is quite clear that upon the findings there should have been final judgment, as ordered by the court, upon all the matters found, followed by the usual order appointing commissioners to make partition.

The record shows that on February 4, 1890, the court appointed commissioners, who, on July 11, 1890, reported partition to the court, and that on said day the court ordered the confirmation of said report. On the 11th day of July, 1891, Mayer moved for a new trial as of right. This motion was made before the Hon. David N. Taylor, regular judge of said court, who ordered a new trial, and reinstated the case on the docket. Afterwards, on the 8th day of September, 1891, a motion was made by Haggerty to set aside the order granting a new trial therein, which was sustained by the court, and the order was set aside. On the 30th day of November, 1891, the court, of its own motion, appointed Hon. Joshua Jump as special judge to hear and determine said cause, to which Mayer, at the time, excepted. On March 16, 1892, Haggerty filed his motion for an entry *nunc pro tunc*, asking for an entry of the judgment as of February 4, 1890, showing that final judgment was then

rendered on the issue, quieting the title, which motion the court sustained, and ordered the entry to be so made, over appellant's objection and exception. Haggerty then moved to dismiss the application for a new trial under the statute, on the grounds that it was not made within a year after the final judgment was rendered, which motion was sustained by the court, and the motion for a new trial was stricken out. From this decision an exception was taken, and Mayer prosecutes this appeal.

Appellee insists that the record presents the fact that the appeal was taken too late. The original finding and judgment were given on February 4, 1890. The appeal was prayed April 16, 1892, more than two years after the final judgment, and not perfected until January 14, 1893. The *nunc pro tunc* judgment relates back to the time when it was rendered. It is defined: "Now for then; that a thing is done at one time as of another time, when it should have been done." 16 Am. and Eng. Encyc. of Law, p. 1005.

"The effect of this record was to enter judgment as of the former date, and when entered it stood as a judgment, of that date, and had the same effect as if it had been properly entered of record and signed by the judge" on the 4th day of February, 1890. *Leonard* v. *Broughton*, 120 Ind. 536 (544, 545).

The time within which an appeal must be taken begins to run from the date of the rendition of the judgment and not from the date of its entry by the clerk in the order book. In this case the court rendered its judgment when it read and filed its finding, on the 4th day of February, 1890, and ordered judgment to follow the finding. *Anderson, Admx.,* v. *Mitchell,* 58 Ind. 592; *Chamberlain* v. *City of Evansville,* 77 Ind. 542 (548); *Chissom* v. *Barbour,* 100 Ind. 1; *Gray* v. *Palmer,* 28 Cal.

416; *Peck* v. *Courtis*, 31 Cal. 207; *Genella* v. *Relyea*, 32 Cal. 159; 1 Black Judg., sections 130, 131.

It is clear, from these authorities, that the appeal comes too late to bring before this court the proceedings prior to and in the trial on the merits. The assignment of error is, that the court erred in setting aside the order granting a new trial as of right.

Section 1064, R. S. 1881, Burns' R. S. 1894, section 1076, provides that: "The court rendering the judgment, on application made within one year thereafter * * * shall vacate the judgment and grant a new trial."

Appellant contends that there was no final judgment on February 4, 1890, but merely an interlocutory order of partition, but the record disposes of this position. As appellant says in his brief, "both the complaint and cross-complaint put in issue the title to one-third of the real estate." He also demanded judgment for certain expenditures, and that if the title to one-third was found to be in the appellee, he should have judgment for the money so expended, to be declared a lien on the property. This, then, was not a simple partition suit. Had it been, appellant would not be entitled to a new trial as of right. Ordinarily, the title to real estate is not involved in an action for partition. But when, as in this case, the title to lands is directly put in issue, the judgment of partition is conclusive as to the rights of the parties. *Thorp* v. *Hanes*, 107 Ind. 324; *Watson* v. *Camper*, 119 Ind. 60; *L'Hommedieu* v. *Cincinnati, etc., R. W. Co.*, 120 Ind. 435; *Isbell* v. *Stewart, Admr.*, 125 Ind. 112.

The court having ordered the clerk to enter a judgment and decree upon all the findings, his inadvertent omission therefrom of everything but the order of partition can not deprive the appellee of his rights under the findings. In view of the facts disclosed by the record, a

final judgment was indispensable before a decree of partition could be properly entered at all. It is also true that if the court had found for the appellant on the issue of title, the judgment would have been final.

In Black on Judgments, section 39, and note, it is laid down as a rule that the first decree in partition may be final, and it will have that character, if it settles all the rights of the parties and leaves nothing for the future consideration or judicial action of the court. In the case at bar, the court rendered a 'final judgment as to all the matters in issue, and made the usual order for partition. After a decree has been entered, no further questions can come before the court, except such as are necessary to be determined in carrying it into effect. The decree is final. Freeman Judg. (3d ed.), section 36; *Fleenor* v. *Driskill,* 97 Ind. 27 (34); *Kreitline* v. *Franz,* 106 Ind. 359.

No doubt an appeal would lie from the confirmation of the report had the question of the fairness of the division been raised by the exceptions, but this was not done. In the case under consideration, no motion for a new trial was made at the term at which the judgment fixing the rights of the parties was rendered, and it follows that no question as to a new trial is in the record. *Jones* v. *Jones,* 91 Ind. 72 (76).

Appellant's learned counsel discuss at length the sufficiency of the second paragraph of the complaint, but it seems there is no such question before this court. Besides, appellant's answer and cross-complaint presented every conceivable issue.

An issue of fact was formed by reply and answer to the cross-complaint, a trial was had, the evidence is not in the record and we must indulge the presumption that the finding of the court was sustained by the evidence, so that it is immaterial whether this paragraph of the

complaint is good or bad. It is insisted by the appellant, that the judgments against Haggerty were liens prior to the bankruptcy, subject to the inchoate rights of the wife, and on conveyance to the assignee, her rights became absolute to some parts of the lots in question; also, that on the death of the assignee's wife the interest held by her descended to him, whereupon the judgment liens attached to such interest in the same manner as if there had been no wife.

We think it is the law that the conveyance of a married man's land by a register in bankruptcy to the assignee is such a sale as vests the title to one-third in the wife and gives her the right to partition at once. The sale by the assignee has nothing to do with fixing the rights of the wife. *McCracken* v. *Kuhn*, 73 Ind. 149; *Ketchum* v. *Schicketanz*, 73 Ind. 137· *Roberts* v. *Shroyer*, 68 Ind. 64.

The appellee alleged, in his complaint, that the appellant purchased the two-thirds from the assignee for $100, subject to said liens and assumed their payment. Appellant denied the allegation, trial of that issue was had, resulting in a judgment for the appellee. The evidence, as stated, is not in the record, so that no question of the sufficiency of the evidence is presented to enable this court to disturb the judgment. It is contended by appellant's counsel, that after the death of the wife the lien of the judgments re-attached.

If, as the court found on the issues tried, the appellant took the two-thirds, subject to the liens, and assumed their payment, that satisfied the liens in his hands as they were. Counsel argue that the lien of appellant's judgment subsisting against two-thirds of the real estate attached to the one-third when he took as forced heir of his wife, under the statute giving a wife the right to partition of the husband's lands upon

judicial sales. Undoubtedly judgment liens would attach to real estate so acquired coming to a judgment debtor. But in this case it did not occur, for the reason that appellee had been discharged in bankruptcy long before the wife's interest vested in him. It is next urged by appellant, that he was entitled to an allowance for improvements on the lots. The court tried this question, and rendered judgment against the appellee upon that issue for $132, for improvements upon streets and for taxes. As the evidence is not in the record, we can not consider the question as to amount. It seems there was an attempt to claim for buildings erected upon the lots by appellant and others pending litigation. We think the proposition is fundamental that there can be no *bona fide* improvements made under such circumstances, and moreover the court found against the appellant on this issue. In our opinion there is nothing in the appellant's contention that the court below had no authority to appoint a special judge. It was proper for the presiding judge, in his discretion, to decline to preside during the trial of the cause. *Joyce* v. *Whitney*, 57 Ind. 550 (554); *Leonard* v. *Blair*, 59 Ind. 510 (514). This court, in the absence of a countervailing showing, will indulge the presumption that the court below acted properly and within the limits fixed by law. Besides, in this case, the special judge was peculiarly the person to whom the petition for a *nunc pro tunc* entry and the motion for a new trial should have been addressed. He was "the court rendering the judgment." R. S. 1881, section 1064; Burns' R. S. 1894, section 1076. "When the regular judge yields the bench, calls in a special judge, and duly appoints him to try a designated cause, the special judge thus appointed acquires full authority over the cause throughout all of its stages." *Perkins* v. *Hayward*, 124 Ind. 445, section 415; R. S. 1881, Burns'

R. S. 1894, section 419, provides that a special judge "shall have power to hear and determine said cause until the same is finally disposed of." The law provides for the motion for a new trial, and for petitions and orders for *nunc pro tunc* entries, and in the very nature of things no one else could intelligently dispose of them.

There is no error in the record, and the judgment below is affirmed.

Filed Sept. 19, 1894.