[S. F. No. 11966. In Bank.—October 25, 1926.]

## ASPEGREN & COMPANY, INC., Appellant, v. SHERWOOD, SWAN & COMPANY (a Corporation), Respondent.

[1] APPEAL—TIME—CONSTRUCTION OF SECTION 939, CODE OF CIVIL PROCEDURE.—The language of section 939 of the Code of Civil Procedure is clear and unequivocal to the effect that an appeal is timely if taken within sixty days after the *entry* of judgment or within thirty days after the *entry* of an order determining a seasonably instituted motion for a new trial.

[2] JUDGMENTS—RENDITION OF—FINDINGS.—The rule is that whenever findings are required, the judgment is not rendered until they are signed and filed; but whenever findings are waived or are not required the judgment is rendered when entered in the minutes of the court.

[3] ID.—APPEAL—WHEN PREMATURE—DISMISSAL.—In a case where findings were required, an appeal taken after the oral announcement by the court of its decision, but before findings were signed and filed, was premature and does not come within that provision of section 939 of the Code of Civil Procedure declaring that no appeal shall be dismissed on the ground that it was taken after the rendition of judgment or order and before formal entry, and such an appeal will be dismissed.

---

1. See 2 Cal. Jur. 391.
2. See 14 Cal. Jur. 912.
3. See 2 Cal. Jur. 397.

[4] ID.—JURISDICTION—PARTICIPATION IN PREPARING RECORD ON AP-
PEAL—LACK OF ERROR.—The objection that an appeal has not
been taken within the time limit by law goes to the jurisdiction
of the appellate court, which cannot be conferred by action of
the parties; and such objection is not waived, nor is opposing
party estopped from making it, by participating, without ob-
jection, in the settlement of the transcript on appeal.

(1) 3 C. J., p. 1051, n. 10, p. 1056, n. 36.   (2) 3 C. J., p. 1056,
n. 36, p. 1059, n. 55 New.   (3) 3 C. J., p. 1077, n. 88.   (4) 3 C. J.,
p. 1066, n. 27, p. 1075, n. 78; 4 C. J., p. 717, n. 27 New.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Alameda County.

James G. Quinn, Judge.   Appeal dismissed.

Daniel N. Dougherty for Appellant.

Harrison S. Robinson and Harry L. Price for Respondent.

THE COURT.—This is a motion to dismiss the appeal
herein.   The action was instituted by the plaintiff corpora-
tion to restrain the defendant company from retailing cer-
tain goods of the former below a specified price.   Judgment
was entered denying the injunctive relief prayed for and
awarding costs to the defendant company.   Plaintiff ap-
pealed.

Respondent's motion to dismiss is founded upon the claim
that the purported appeal was not taken within the time pre-
scribed in section 939 of the Code of Civil Procedure.   The
motion is supported by a certificate of the county clerk of
the county of Alameda wherein it appears that on January
11, 1926, the superior court of said county, upon the conclu-
sion of the trial, pronounced that the relief sought was de-
nied; that on January 21, 1926, a notice of appeal was filed
by plaintiff; that findings of fact and conclusions of law
were signed and filed by said court on February 8, 1926;
that judgment was entered in accordance with the findings
of fact and conclusions of law on February 8, 1926, and that
on said last-mentioned date a transcript, prepared under sec-
tion 953a, Code of Civil Precedure, was settled and filed.

Section 939 of the Code of Civil Procedure reads: ''An

4. See 2 Cal. Jur. 404.

appeal may be taken from any judgment or order of a superior court from which an appeal lies under any provision of this code, or of any other code, or under any other statute, within sixty days from the entry of said judgment or order. No appeal, however, shall be dismissed on the ground that it was taken after the rendition of such judgment or order and before formal entry. If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion.''

[1]  The language of the code section being clear and unequivocal on the point, it is unnecessary to refer to any of the numerous authorities holding that an appeal is timely if taken within sixty days after the *entry* of judgment or within thirty days after the *entry* of an order determining a seasonably instituted motion for a new trial.

As indicated by the above chronological history of the instant case, the appeal herein was taken subsequent to the oral pronouncement of the trial court's disposition of the cause but prior to the signing and filing of findings of fact and conclusions of law and prior to the entry of the judgment based thereon. It must be determined, therefore, whether such an appeal is timely within that provision of section 939, added in 1915 (Stats. 1915, p. 205), which declares that ''No appeal, however, shall be dismissed on the ground that it was taken after the rendition of such judgment or order and before formal entry.'' To ascertain if the appeal herein was taken ''after the rendition'' of judgment reference will be made to the authorities wherein that phrase has received interpretation.

In *Crim* v. *Kessing*, 89 Cal. 478, 488 [23 Am. St. Rep. 491, 26 Pac. 1074], which involved an action on a judgment, the court declared that ''Under the system of practice which prevailed in this state prior to the adoption of the codes in 1872, findings were not essential to the entry or validity of a judgment (Practice Act, Sec. 180) ; and under that system it was held that the entry in the clerk's minutes of the decision as announced by the court constituted the 'rendition of the judgment.' (*Gray* v. *Palmer,* 28 Cal. 416; *Genella* v. *Relyea,* 32 Cal. 159.) But under the provisions of the Code

of Civil Procedure, whenever findings are required there can be no 'rendition of the judgment' until they are made and filed with the clerk. Findings of fact, however, are required only 'upon the trial of a question of fact,' and they may in all instances be waived. Whenever they are waived or are not required, the entry of its decision in the minutes of the court constitutes the 'rendition of the judgment' in the same manner as it did under the former system.''

The case of *Brownell* v. *Superior Court,* 157 Cal. 703, 706 [109 Pac. 91, 93], though concerned with the question whether an application to set aside a decree of partial distribution was made within the six-months' period prescribed by section 473, Code of Civil Procedure, contains the following review of authorities: ''A somewhat similar question has arisen in this and other states, where a statute provides that an appeal may be taken within a stated time 'after the rendition of the judgment.' In this state the former Practice Act prescribed a period of one year. In *Gray* v. *Palmer,* 28 Cal. 416, the judgment was pronounced on April 6, 1861. It was drawn up, signed by the judge, and filed on April 9, 1861, and was entered in the judgment-book on June 17, 1861. An appeal taken on June 14, 1862, was held to be too late, on the ground that 'there was a rendition of the judgment as early, at least, as the 9th of April,' 1861, when the judgment was formulated, signed, and filed. In *Peck* v. *Courtis,* 31 Cal. 209, a final judgment in partition on confirmation of the report of referees was ordered on December 22, 1863, but it was not entered until July 25, 1864. An appeal was taken on July 8, 1865, less than one year after the entry but more than a year after the judgment was ordered. It was held that the order for judgment was equivalent to a rendition thereof and that the appeal was barred. *Genella* v. *Relyea,* 32 Cal. 159, was a case similar to *Gray* v. *Palmer,* 28 Cal. 416, and it was decided the same way, the court saying, however, that the time for taking an appeal began to run at the time judgment was ordered, citing *Peck* v. *Courtis,* 31 Cal. 209. *Peck* v. *Courtis* was followed in *Wetherbee* v. *Dunn,* 36 Cal. 252. In New York a writ of error could be taken within two years after the 'rendering of the judgment.' It was held in that state that the time began to run at the time the judgment was pronounced and not from the time of its entry and that a

writ sued out more than two years after the judgment was thus rendered was barred. (*Fleet* v. *Youngs,* 11 Wend. (N. Y.) 522; *Lee* v. *Tillotson,* 4 Hill (N. Y.), 27.) In Nevada, the same conclusion was reached, the court holding that an appeal could be taken after rendition and before entry. (*California State Tel. Co.* v. *Patterson,* 1 Nev. 155; *Kehoe* v. *Blethen,* 10 Nev. 453.) In *Estate of Newman,* 75 Cal. 213 [7 Am. St. Rep. 146, 16 Pac. 887], . . . it was decided that a judgment is binding on the parties and privies as soon as it is rendered and before it is entered. In *Crim* v. *Kessing,* 89 Cal. 488 [23 Am. St. Rep. 491, 26 Pac. 1074], . . . the following is laid down as the correct rule under the present code: 'Under the provisions of the Code of Civil Procedure, whenever findings are required there can be no "rendition of the judgment" until they are made and filed with the clerk. Findings of fact, however, are required only "upon the trial of a question of fact," and they may in all instances be waived. Whenever they are waived or are not required, the entry of its decision in the minutes of the court constitutes the "rendition of the judgment" in the same manner as it did under the former system.' (See, also, *San Joaquin etc. Co.* v. *West,* 99 Cal. 347 [33 Pac. 928] . . . ; *First Nat. Bank* v. *Dusy,* 110 Cal. 76 [42 Pac. 476], . . . and *Painter* v. *Painter,* 113 Cal. 375 [45 Pac. 689], . . . approving this rule.)" The court in *Brownell* v. *Superior Court, supra,* then approves the rule as announced in *Crim* v. *Kessing, supra,* by stating that the signing and filing of findings, whenever required, "constitute the rendition of judgment."

In *Brown* v. *Superior Court,* 70 Cal. App. 732, 734 [234 Pac. 409, 410], which involved an application for a writ of mandate to compel the entry of a formal judgment in a *certiorari* proceeding, the rule again met with approval, the court in that case declaring: "No answer was filed in the *certiorari* proceeding and no issue of fact was tendered. Consequently no findings were required, and therefore the judgment was 'rendered' when the decision was announced by the court and spread upon its minutes. (*Crim* v. *Kessing,* 89 Cal. 378 [23 Am. St. Rep. 491, 26 Pac. 1074], . . . ; *Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91], . . . ; *Smith* v. *Ross,* 57 Cal. App. 191 [207 Pac. 55], . . .)"

[2]   These several authorities indicate the rule to be that whenever findings are required the judgment is not rendered until they are signed and filed. But, whenever findings are waived or are not required the judgment is rendered when entered in the minutes of the court. With this rule we are in accord.

We find nothing in *Takekawa* v. *Hole*, 170 Cal. 323 [149 Pac. 593], cited by appellant, opposed to this statement of the rule. That case was concerned with an amendment to a judgment and the court therein reiterated the equally well-settled rule that a "court may always amend the entered judgment to make it conform to the decision which the court actually rendered." As we read the case no attempt is made therein to determine when a judgment is "rendered."

[3]   In the instant case findings were not only required but were expressly requested by counsel for appellant. It follows, therefore, that judgment herein was not "rendered," under the rule as above announced, until findings of fact were signed and filed. As the appeal was taken prior to the signing and filing of such findings, and therefore *before* the "rendition of judgment," said appeal was premature and does not come within that provision of section 939, Code of Civil Procedure, which declares that "No appeal, however, shall be dismissed on the ground that it was taken *after* the rendition of such judgment or order and before formal entry." (Italics added.)

*Wixom* v. *Davis*, 198 Cal. 641 [246 Pac. 1041, 1042], is not opposed to this conclusion. In that case this court assumed jurisdiction of an appeal taken *prior* to the signing and filing of purported findings of fact. It is significant, however, that the court declared therein that "Findings of fact were unnecessary, but the fact that they were made did not prejudice the plaintiff on this appeal. . . . " As findings were not required in that case the judgment was rendered, under the rule, when entered in the minutes of the court and the appeal therein having been taken subsequent to such entry in the minutes was therefore timely and not premature.

[4]   In appellant's brief it is stated that "Counsel for respondent participated without objection in the settlement of the transcript on February 8, 1926, to be used on this

appeal, notice of which they had then had for 17 days. By such participation they are estopped from claiming that any substantial right of respondent has been affected by the filing of a notice of appeal on January 21, 1926, to which they made no objection during the settlement of the transcript on February 8th.'' This contention is disposed of by what is said in *Estate of Brewer*, 156 Cal. 89, 90 [103 Pac. 486, 487] : ''The objection that an appeal has not been taken within the time limited by law goes to the jurisdiction of the appellate court. . . . There is, therefore, no force in the contention made by appellants that such objection was waived by the action of the respondent in indorsing upon the notice of appeal an admission of service. . . . Nor can the appellants rely upon the position that respondent is estopped by such admission from objecting to a consideration of the appeal. The acts of the parties cannot confer jurisdiction on the court in a case withheld by the law from its jurisdiction. Even if no objection were made, it would be the duty of the court, of its own motion, to dismiss the appeal. . . . ''

The present appeal being premature and no other appeal herein having been seasonably taken, the motion is granted and the appeal is dismissed.

Rehearing denied.