Filed 11/14/22 Olguin v. City of Hollister CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SEAN OLGUIN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF HOLLISTER,<br><br>    Defendant and Respondent. | H049386<br>(San Benito County<br>Super. Ct. No. CU-21-00021) |

The City of Hollister (city) terminated Sean Olguin from his position as a fire captain. He challenges the trial court's order sustaining the city's demurrer to his whistleblower retaliation lawsuit. Finding no error, we will affirm.

**BACKGROUND**

*Plaintiff's Termination*

Plaintiff was employed with the City of Hollister Fire Department for over 25 years before he was discharged for misconduct. He was hired as a firefighter, promoted to firefighter/engineer, and served as a fire captain for approximately five years before he was terminated. Following an internal affairs investigation, the city notified plaintiff on October 11, 2019, of its intent to terminate his employment. The written notice described the misconduct giving rise to the adverse action, which involved an altercation between plaintiff and his brother (also a city firefighter) at a birthday party the previous October.

A *Skelly* conference was held on November 21, 2019,[1] and was attended by plaintiff, his attorney, a city fire captain, and the city's management services director who served as the decisionmaker. Plaintiff opposed the proposed termination orally and in writing, and provided numerous documents to the director, including letters of support from colleagues. The director considered the statements, documents, and plaintiff's remorse before issuing a final notice of termination on January 8, 2020.

According to a declaration submitted by plaintiff's attorney in the trial court, plaintiff presented evidence at the *Skelly* conference that he was not the initial aggressor at the October 2018 party; that his brother had been physically violent to him in the past; and that despite claimed injuries attributed to the October 2018 incident, his brother was physically active and earned money working side jobs while on paid medical leave.

Plaintiff appealed the termination decision, and a de novo evidentiary hearing was held before the city manager. Testimony and exhibits were admitted in evidence, and the parties submitted pre- and post-trial briefs. The city manager upheld the termination in a written decision dated March 2, 2021. The city manager found plaintiff's termination comported with due process; found by a preponderance of the evidence the grounds for termination; and found the decision to terminate was just and appropriate under the circumstances.

As he had at the *Skelly* conference, plaintiff offered evidence at the administrative appeal hearing to demonstrate that his brother was not a credible witness. The city manager found that even if plaintiff's brother lacked credibility, it was undisputed that plaintiff struck his brother in front of members of the public, including children. Further, independent evidence established plaintiff was the physical aggressor and neither he nor his wife were at risk of imminent danger at the time he struck his brother. The city

---

[1] *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194, 215 (due process protections afforded to public employee facing disciplinary action).

manager found plaintiff's conduct violated the fire department's personnel policies and the city personnel system's rules and regulations.

While plaintiff's administrative appeal was pending, plaintiff's attorney presented a tort claim to the city on plaintiff's behalf. The city mailed plaintiff a notice of rejected tort claim on August 4, 2020. On August 10, 2020, the city mailed the rejection notice to plaintiff's attorney.

*Plaintiff's Whistleblower Lawsuit*

Plaintiff filed the instant action in the trial court on February 9, 2021. The first amended complaint alleged a single cause of action against the city for unlawful retaliation in violation of Labor Code section 1102.5. (Undesignated statutory references are to the Labor Code.) Plaintiff alleged that he "had received communication that he would not be terminated" notwithstanding the written notice conveying an intent to terminate his employment, and his presentation of evidence at the *Skelly* conference of "potential fraud and rampant wrongdoing within[] the Department" was protected activity which resulted in his termination.

The city demurred on limitations grounds and for failure to state a claim. The city argued that plaintiff failed to exhaust administrative remedies by not seeking judicial review of the hearing officer's decision under Code of Civil Procedure section 1094.5; plaintiff's claim was time barred because it was not filed within six months of the rejection of his tort claim; and plaintiff failed to allege protected activity or a causal nexus between protected activity and his termination under section 1102.5. The city also moved to strike the prayer for punitive damages against a government entity.

Following a hearing in which both parties argued, the trial court struck the punitive damages prayer and sustained the city's demurrer without leave to amend. The trial court did not state the grounds for its ruling. Orders were entered on July 2, 2021,

3

and the trial court dismissed the matter three weeks later at a case management conference.[2]

## DISCUSSION

A general demurrer is proper when "[t]he pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).) We review a judgment of dismissal based on a sustained demurrer de novo. (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468.) We assume the truth of all facts alleged in the complaint unless those facts are contradicted by judicially noticeable materials. (*Ibid.*) We do not consider conclusory factual or legal allegations contained in the complaint. (*Ibid.*) Because the judgment may be affirmed on any ground raised in the trial court in support of the demurrer, and because we conclude the demurrer was properly sustained for failure to state a claim, we do not reach the judicial exhaustion and timeliness arguments raised in the demurrer.

Section 1102.5, subdivision (b) prohibits an employer from retaliating against an employee for disclosing a violation of law to a government or law enforcement agency.[3] To establish a prima facie case of retaliation, a plaintiff must show he or she engaged in protected activity; he or she was subjected to an adverse employment action by his or her employer; and there was a causal link between the disclosure and the adverse action. (*McVeigh v. Recology San Francisco* (2013) 213 Cal.App.4th 443, 468 (*McVeigh*).)

---

[2] The clerk's entry of dismissal in its minutes constitutes the rendition of judgment. (*Crim v. Kessing* (1891) 89 Cal. 478, 488-489.) Plaintiff's August 30, 2021 notice of appeal is therefore timely.

[3] The statute provides in relevant part: "An employer . . . shall not retaliate against an employee for disclosing information . . . to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." (§ 1102.5, subd. (b).)

4

The city argues that plaintiff's presentation of evidence at the *Skelly* conference does not constitute protected activity under section 1102.5 because the disclosures do not encompass a statutory violation or noncompliance by the city. But it is settled law that whistleblower protection extends under section 1102.5 to reports of illegal activity by a plaintiff's employer or by fellow employees. (*McVeigh*, *supra*, 213 Cal.App.4th 433, 448; *Gardenhire v. Housing Authority* (2000) 85 Cal.App.4th 236, 237-240.) The allegations in plaintiff's complaint are based on his disclosure of unlawful conduct (in the form of insurance fraud) by plaintiff's brother, a city firefighter.

Plaintiff's complaint nonetheless fails as a matter of law because it draws no causal link between plaintiff's disclosure and his termination. Plaintiff was issued a notice of intended termination in October 2019, following an extensive internal affairs investigation into the October 2018 altercation. Plaintiff's *Skelly* hearing—at which he challenged the misconduct charges in part through disclosure about his brother's alleged fraud—occurred after the investigation and notice of intended termination. Plaintiff's disclosure therefore does not support a prima facie case of retaliation. "Employers need not suspend previously planned [adverse action] upon [a plaintiff engaging in protected activity], and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." (*Clark County School Dist. v. Breeden* (2001) 532 U.S. 268, 272 [no causality between employee's filing of EEOC complaint and employee's transfer, where transfer was previously and openly contemplated by employer].) If the rules were otherwise, a plaintiff could orchestrate a retaliation claim by purporting to reveal an unlawful act of a coworker at any time during a disciplinary process.

Plaintiff argues that the adverse action did not arise until after the *Skelly* hearing because the fire chief told others after issuing the notice of intent that he did not actually intend to terminate plaintiff. The chief's statements are not relevant, however, because

5

the final decision to terminate plaintiff did not rest with the fire chief but with the city's management services director.

## DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.


H049386 – *Olguin v City of Hollister*