[No. 44.   Third Appellate District.—July 25, 1905.]

## K. ALBERY, Respondent, v. BEN F. GEIS, Appellant.

PARTNERSHIP—DISSOLUTION—IMPROPER JUDGMENT FOR BALANCE DUE— INSUFFICIENT ACCOUNTING.—A judgment in favor of one partner for a balance of accounts of money between the partners after dissolution of the partnership cannot be sustained where no account appears to have been taken of outstanding indebtedness which the firm might be owing to any other person, nor of any claims the firm may have against any person, nor of any firm assets other than those mentioned in the findings, and where there is no statement or finding that all of the assets have been exhausted.

ID.—IMPORT OF ACCOUNTING—WINDING UP OF PARTNERSHIP.—An accounting of a dissolved partnership means that there is to be a complete winding up of the affairs of the partnership.

APPEAL from a judgment of the Superior Court of Glenn County.   Charles M. Head, Judge presiding.

The facts are stated in the opinion of the court.

William M. Finch, for Appellant.

Frank Freeman, and Charles L. Donohoe, for Respondent.

BUCKLES, J.—These parties are lawyers residing at the town of Willows, and on January 1, 1899, entered into a copartnership to practice law.   The said copartnership was mutually dissolved January 1, 1903.   The complaint herein alleges that the defendant has collected sums of money belonging to the late firm which he has not paid over.   At the time of the dissolution there was no accounting nor disposition made of the assets of the firm nor of the debts due the firm, but the parties did enter into an agreement whereby each should collect the debts due the firm, make statements thereof and pay over to the other what might be due him.

The complaint further alleges that the defendant has collected about three thousand five hundred dollars which he has not accounted for, and has not paid over to plaintiff his share, then demands an accounting and judgment for whatever may be found due. The defendant admits, alleges, and also demands an accounting and judgment for whatever may be found due him from plaintiff.

The judgment was a personal judgment in favor of the plaintiff for $200.39, and this appeal comes here upon the judgment-roll alone. Findings were made, and the only finding that there was any kind of an accounting of the partnership affairs is found in finding No. IV, as follows: "That during the term of said copartnership and since the dissolution thereof plaintiff has received from moneys due said firm the sum of $1,358.83 and has paid out on account of expenses of said firm the sum of $5.87, being $1,352.76 over and above what he has expended; that during said time the defendant has received from moneys due said firm the sum of $2,253.55 and paid out on account of expenses of said firm the sum of $500.00, being $1,753.55 over and above what he has expended and being $400.79 in excess of that received by plaintiff."

As conclusion of law the court finds that plaintiff is entitled to a decree—1st, "For an accounting between plaintiff and defendant, which has now been had in the action." If anything is due either party in this action it must be determined after a full and complete accounting of the copartnership affairs. The recitals of the finding do not show that any account has been taken of outstanding indebtedness the firm might be owing to any other person, nor of any claims the firm may have had against any person, nor of any firm assets other than those mentioned in said finding, and no statement or finding that all the assets had been exhausted. An accounting means that there is to be a complete winding-up of the affairs of the partnership.

Upon the authority of *Clark* v. *Hewitt*, 136 Cal. 77 [68 Pac. 303], the judgment herein must be reversed, and it is so ordered.

McLaughlin, J., and Chipman; P. J., concurred.