[Civ. No. 296. Third Appellate District.—June 25, 1907.]

## B. F. DURPHY, Respondent, v. C. E. PEARSALL, Appellant.

Partnership Accounting—Partial Settlement—Mistake—Complete Accounting—Failure to Find—Decision Against Law.—Where a suit was brought for an accounting of all the copartnership dealings and transactions, in which it appears that the court limited its findings to a partial settlement made between the parties in relation to certain specified dealings, the figures upon which account show mistake, and it appears that there were other transactions of

the partnership, of which no accounting is found to have been had, the matter of a complete accounting was a material issue, and the failure to find thereupon renders the decision against law, for which the judgment must be reversed, and a new trial granted.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.    E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

J. N. Gillett, A. W. Hill, W. T. S. Hadley, and Edwin S. Easley, for Appellant.

J. H. G. Weaver, H. L. Ford, L. M. Burnell, and William E. Kehoe, for Respondent.

BURNETT, J.—The action is based upon an alleged partnership between plaintiff and defendant.    Among other things the plaintiff prays: "That an account be taken of all of said copartnership dealings and transactions from the commencement thereof and of the moneys received and paid out by plaintiff and defendant for and on account of said copartnership."

The judgment was against defendant for $6,048.91.    Defendant has appealed from the judgment and also from an order denying his motion for a new trial.    These appeals are presented in separate transcripts but we shall consider them together.    All the points made by appellant except two seem to be satisfactorily answered by respondent.    As to those two propositions, however, respondent has not attempted in his brief to afford the court any assistance, and it cannot be said that the points are unimportant.

The first is that: "The court's finding of fact No. 15, to the effect that appellant's net profits from the Henry deal were $16,196.41 is not justified by the evidence."    According to appellant's figures the gross profits from the sale of the thirteen thousand acres in the Henry deal were $38,000 and the expenses were $33,500, and since admittedly plaintiff was only interested in the sale of ten thousand and forty acres, the proportional net profit in which he is entitled to share is about $3,500 instead of $16,196.41, as found by the court.

There is undoubtedly some evidence to uphold appellant's contention in this regard, and respondent might well have called our attention specifically to the evidence upon which he relies to support the finding.

Again, appellant claims "that there is another error in the same finding where the court subtracts $6,215.10, advanced by defendant to plaintiff from the gross profits instead of from the net one-half belonging to the plaintiff." Appellant's position would be sound if it appeared that the $6,215.10 were advanced from the separate funds of defendant, but, on the contrary, the finding shows that it was a part of the partnership funds, as it was realized from the Henry sale.

There appears to us, however, to be a mistake in the figures which seems to have escaped the attention of counsel and the learned trial judge. The said finding 15 discloses that defendant received of the partnership funds the sum of $16,-196.41; that plaintiff received $6,215.10 advanced by defendant and $11,000 from the Hammond deal, making a total of $17,215.10. The total amount received by plaintiff and defendant was thus $33,411.51. If they were to share equally each would be entitled, therefore, to $16,705.75. But, under the agreement of April 3, 1900, defendant, out of his share, was to pay plaintiff $3,500. Add this amount to $16,705.75 and we have $20,205.75, the sum plaintiff should receive. But he had already received $17,215.10. The difference, or $2,990.65, is the amount for which he should have judgment, assuming that the record discloses no other defect.

Finding 16, which we must assume is based upon the figures found in finding 15, is: "That defendant has received in excess of his share of said partnership funds, the sum of $6,098.-41, which said excess belongs to plaintiff herein." It may be that other transactions were taken into account, but the findings do not disclose them. It must be manifest, however, we think, that there ought to have been a complete accounting as prayed for by plaintiff. The judgment might then appear to be correct.

Respondent suggested in the oral argument that a complete accounting was not necessary, as the "Hammond and Henry" deals were the only ones involved in the action. We must look, however, to the pleadings to determine what questions are submitted to the court for decision. To indicate the scope of such inquiry we refer to paragraph 15 of the com-

plaint: "And the plaintiff alleges, on information and belief, that the profits accrued and to accrue to said copartnership between plaintiff and defendant as will appear upon a true accounting and settlement of said copartnership business, will amount to the sum of one hundred and thirty-four thousand dollars, one half of which belongs to and of right ought to be paid to plaintiff herein."

Besides, it appears from the findings that there were other transactions of the partnership, but no account is taken of them as far as we are advised. And as emphasizing the importance of considering them, it is expressly found that the settlement of April 3d was only a partial settlement of the copartnership matter.

It seems clear, therefore, that the doctrine announced in *Albery* v. *Geis,* 1 Cal. App. 381, [82 Pac. 262], and *Clark* v. *Hewitt,* 136 Cal. 77, [68 Pac. 303], demands a reversal of the case. The reason for the rule demanding an accounting is stated in Story on Partnership, section 221, as follows: "Until all the partnership concerns are ascertained and adjusted it is impossible to know whether a particular partner be a debtor or a creditor of the firm; for although he may have advanced large sums of money on account thereof, he may be indebted to the firm in a much larger amount." The matter of a complete accounting, therefore, was a material issue, and the court having failed to find upon it, the decision is against law and may be reviewed on appeal. (*Adams* v. *Helbing,* 107 Cal. 301, [40 Pac. 422]; *Clark* v. *Hewitt,* 136 Cal. 77, [68 Pac. 303]; *Senior* v. *Anderson,* 138 Cal. 721, [72 Pac. 349].)

The judgment and order are reversed.

Chipman, P. J., and Hart, J., concurred.