[Civ. No. 4383. Second Appellate District, Division Two.—January 7, 1924.]

## SHIRO NAKAMURA, Respondent, v. MASAHARU KONDO, Appellant.

[1] PARTNERSHIP—DISSOLUTION—PAYMENT OF DEBTS—DIVISION OF ASSETS—JUDGMENT.—Where partnership property consists of assets other than money, and where there are partnership debts, until such debts have been paid and the assets reduced to money there can be no definite basis for a division between the partners which could be the basis of a judgment that one pay to the other any specific sum of money.

[2] ID.—MONEYS ADVANCED—REPAYMENT FROM ASSETS—DIVISION OF RESIDUE.—The claim of a partner for money advanced by him in respect to capital of the partnership is to be paid out of the assets of the partnership before there is a division among the partners of the proceeds of any residue after paying all debts and liabilities of the firm, either to persons who are not partners or to the partners themselves.

---

2. Respective rights of partners on dissolution in capital of firm, notes, 17 **Ann. Cas.** 701; Ann. Cas. 1913B, 1161.

[3] ID. — DISSOLUTION — ERRONEOUS PERSONAL JUDGMENT. — In this action for the dissolution of a partnership and an accounting, the judgment, not having been one for the division of the partnership property, but one ordering the sale of the property and thereafter the division of the proceeds, was erroneous in so far as it provided for a recovery by plaintiff against defendant personally.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Ingle Carpenter and M. J. Finkenstein for Appellant.

J. Marion Wright for Respondent.

CRAIG, J.—In this action the plaintiff sought a dissolution of the partnership between himself and the defendant, and an accounting. The copartnership had been conducted under the name M-K Fisheries Company. After a hearing the court rendered an interlocutory judgment which provided: "1. That the partnership heretofore existing between the plaintiff and defendant, under the name of M-K Fisheries Company, be and the same is hereby dissolved. 2. That the plaintiff is entitled to an accounting, and an accounting is hereby ordered, showing the accounts of each of the parties hereto in the said partnership. 3. That the interests of the partners, amounting to $100,000.00 in the Mexican Industrial Development Company, be sold and that all just debts and demands against said copartnership be paid and the balance, if any, be divided among the copartners in the following way: Four-fifths (4/5) to the defendant, Masaharu Kondo, and one-fifth (1/5) thereof to the plaintiff Shiro Nakamura."

The matter of accounting was then referred to a referee who in due time rendered a report. To this the defendant filed objections, and the court approved the report except as to an item of $500, and subsequently rendered final judgment. After reciting that the plaintiff's contribution to the partnership in addition to his original investment was $1,595.87 in excess of the contribution of the defendant, of which sum the defendant owed the plaintiff four-fifths, or $1,195.88, this judgment decrees: "Now therefore, it is

hereby ordered, adjudged and decreed in addition to the interlocutory judgment heretofore rendered in this matter, that plaintiff Shiro Nakamura, have and recover judgment of and against the defendant, Masaharu Kondo, for the sum of eleven hundred ninety-five and 88/100 ($1195.88) and for costs of suit amounting to four hundred seventy-two and 50/100 ($472.50).'' This last provision is the portion which is the basis of dispute upon this appeal.

It is contended by appellant that no personal judgment should have been rendered against him until all of the assets of the copartnership had been disposed of, and that the judgment is erroneous on that account. [1] It is the general rule that where the property consists of assets other than money, and where there are partnership debts, until such debts have been paid and the assets reduced to money there can be no definite basis for a division between the partners which could be the basis of a judgment that one pay to the other any specific sum of money. But respondent argues that where, as in the present instance, an accounting had already been ordered and completed, and no debts remain to be paid, and a portion of the partnership property consists of money which is in the hands of one of the partners, the judgment may and should be made in favor of the other partner for his share of such money.

[2] The weakness of this position lies in the fact that the claim of a partner even for money advanced by him in respect to capital of the partnership is to be paid out of the assets of the partnership before there is a division among the partners of the proceeds of any residue after paying all debts and liabilities of the firm, either to persons who are not partners or to the partners themselves. (*Hyre* v. *Lambert,* 37 W. Va. 26 [16 S. E. 446]; Bates on Partnership, sec. 971.) In the instant case the partnership owned an interest in the Mexican Industrial Development Company. The interlocutory decree directed that this be sold and divided between the partners. Upon its sale the proceeds would constitute a partnership fund from which the claim of respondent for money advanced as capital should be paid, and as long as such partnership fund is in existence with which to liquidate a debt due

one of the partners no personal judgment should be rendered against the other partner.

[3]   Another reason why the judgment cannot be sustained is that it does not finally determine all the rights of the respective parties. (Code Civ. Proc., sec. 577.) The judgment is not one for division of partnership property as was that in the case of *Shuken* v. *Cohen,* 179 Cal. 279 [176 Pac. 447], but is one ordering the sale of the property and thereafter the division of the proceeds. It is apparent that further litigation between the parties is possible, and might be necessary, before their respective rights are finally determined.

The judgment is reversed.

Finlayson, P. J., and Works, J., concurred.