[Sac. No. 5203.   In Bank.—January 30, 1939.]

In the Matter of the Estate of JOSEPH LOPUS, Deceased. HATTIE LOPUS, as Administratrix, etc., Appellant, v. FRANCES LOPUS, as Administratrix, etc., Respondent.

Lelia R. Leep for Appellant.

W. H. Early and Clarendon W. Anderson for Respondent.

WASTE, C. J.—The former administratrix of the above-entitled estate noticed this appeal from an order or decree of the probate court denying her application "for settlement of her amended first and final account and specifically from that portion . . . decreeing and adjudging that the item of two thousand five hundred dollars . . . was not her separate property . . . but that the same was and is property of the estate . . . and ordering [her] to account to said Court for the same." Subsequently, there was filed with this court a typewritten transcript of the judgment roll duly certified by the clerk of the court below. In some manner this transcript was inadvertently forwarded to this court for, at a later date, the appellant tendered a duly certified printed record containing a transcript of the judgment roll and a bill of exceptions. ■ Appellant thereupon moved this court for an order substituting the printed record for the previously filed typewritten record or declaring it to be supplemental thereto. That motion is now before us for determination. Whether we grant or deny it will be of little moment to the appellant-movant for an examination of either or both of said records discloses that the appeal was prematurely filed and must therefore be dismissed. Under settled principles, a prematurely noticed appeal fails to confer jurisdiction and an appellate court of its own motion may dismiss the same.

It appears that on May 25, 1937, the probate judge rendered what is expressly captioned in the record an "Opinion" which concluded with the words "Let a formal order be presented." On June 17, 1937, the appellant filed her notice of appeal. But, it was not until June 24, 1937, that the court signed and filed its findings of fact and judgment. It is immediately apparent that the notice of appeal antedated the judgment by several days.

■ Appellant urges that contrary to the early rule, it is now provided by statute that "No appeal . . . shall be dismissed on the ground that it was taken after the rendition of such judgment or order and before formal entry." (Sec. 939, Code Civ. Proc.; sec. 1233, Prob. Code.) However, it is

definitely settled that the "rendition" of a judgment, within the meaning of the quoted language, occurs upon the signing and filing of the findings of fact and conclusions of law. (*Aspegren & Co.* v. *Sherwood, Swan & Co.,* 199 Cal. 532 [250 Pac. 400] ; 2 Cal. Jur. 398, sec. 167.) Here, as stated, the findings and judgment were signed and filed several days · after the filing of the notice of appeal. There had been no "rendition" of judgment at the time of the noticing of the appeal.

In conclusion, it should be mentioned that the "Opinion" of the court below which appears in both transcripts here involved, has no place therein. It has been held in many cases that an "opinion" of the trial court is no part of the record on appeal. (*Estate of Finkler,* 7 Cal. (2d) 97, 103 [59 Pac. (2d) 801] ; *Fechtner* v. *Costa,* 16 Cal. App. (2d) 691 [61 Pac. (2d) 473] ; 2 Cal. Jur. 488, sec. 235.) This being so, appellant in support of her appeal may not rely on the "Opinion" of the trial court which is improperly included in the record and in the proposed substituted record.

The motion is denied and the appeal is dismissed.

Shenk, J., Curtis, J., Langdon, J., Edmonds, J., and Seawell, J., concurred.