[Civ. No. 2538.   Fourth Appellate District.—January 17, 1941.]

THOMAS E. WALKER et al., Respondents, v. FILBERT JOE ETCHEVERRY et al., Appellants.

Borton, Petrini, Conron & Borton and Farnsworth, Burke & Maddox for Appellants.

Bradley & Bradley for Respondents.

KLETTE, J., *pro tem.*—This action was instituted by plaintiffs and respondents Thomas E. Walker, Leon Walker, and Clara Mae Walker, minors, by and through their mother, Roxie Walker, now Roxie Goree, as guardian *ad litem*, to recover for the death of their father, Thomas W. Walker, through the alleged negligence of Filbert Joe Etcheverry and Mariana Etcheverry, defendants and appellants. An amended complaint was filed by plaintiffs, to which a general demurrer was interposed by defendants. This demurrer being overruled, an answer to the amended complaint was duly filed. The case was then regularly set for trial on June 27, 1939, on which day defendants and appellants, by leave of the court, filed an unverified amendment to their answer, alleging for the first time, misjoinder of parties plaintiff, because all of

the heirs of Thomas W. Walker were not joined as plaintiffs, in that Roxie Walker, the widow of Thomas W. Walker, was not joined.

Trial was had on that date before the court, sitting without a jury, and judgment was rendered in favor of the three minor children of deceased, for $4,740. Findings and judgment were filed August 7, 1939, and a motion for a new trial was made and set for hearing on August 28, 1939.

On September 6, 1939, a second amended complaint was filed, which for the first time, contained the following allegation:

"That said plaintiff, Roxie Goree, formerly Roxie Walker, was not at the time of said accident dependent upon said Thomas W. Walker, the deceased, and does not claim nor has sustained damage by reason of the death of said Thomas W. Walker, but joins herein as party plaintiff as an heir of said deceased for the purpose of complying with the provisions of Section 377 of the Code of Civil Procedure of the State of California."

On the same day the court denied the motion for a new trial, and in its order recited the filing of the second amended complaint, by leave of the court, and stated that Roxie Goree, formerly Roxie Walker, was a necessary party plaintiff to the action, and ordered an addition to the findings already made, as follows:

"That said plaintiff, Roxie Goree, formerly Roxie Walker, was not at the time of said accident dependent upon said Thomas W. Walker, deceased, and that she does not claim nor has she sustained damage by reason of the death of said Thomas W. Walker."

This appeal is taken from the judgment made and entered August 7, 1939, from the judgment and decision as modified by the "Order on Motion for New Trial", and from the "Order on Motion for New Trial", dated September 6, 1939.

Orders were made by the trial court, on motion, terminating proceedings for preparation of transcript on appeal, and denying relief from default. An appeal was taken from these orders, which were affirmed. (*Walker* v. *Etcheverry*, 38 Cal. App. (2d) 611 [101 Pac. (2d) 709].) Motion was then made to dismiss the appeal, which was denied. (*Walker* v. *Etcheverry*, 39 Cal. App. (2d) 188 [102 Pac. (2d) 758].) The case is therefore before the court on the judgment roll alone.

It appeared on the face of both the petition for appointment of guardian *ad litem* and the amended complaint, that Roxie Walker, now Roxie Goree, was the mother of the minor plaintiffs, and the widow of Thomas W. Walker, for whose death said minors were seeking damages. It also appeared from the amended complaint that the widow was not seeking any damages for herself.

Section 377 of the Code of Civil Procedure gives a cause of action to the heirs or personal representatives of a person whose death has been caused by the wrongful act or negligence of another. It has been held that so far as the heirs are concerned, a single joint cause of action is given. (*Daubert* v. *Western Meat Co.*, 139 Cal. 480 [69 Pac. 297, 73 Pac. 244, 96 Am. St. Rep. 154] ; *Salmon* v. *Rathjens*, 152 Cal. 290 [92 Pac. 733].)

While we must conclude there was a nonjoinder of parties plaintiff in this action, that fact does not, of itself, necessitate a reversal of the judgment on appeal, unless the party complaining has been misled to his prejudice, or the error otherwise appears to have been injurious. There are many cases to this effect of which the following are a few of the more recent. (*Mayer* v. *West*, 96 Cal. App. 31 [273 Pac. 849] ; *House* v. *Pacific Greyhound Lines*, 35 Cal. App. (2d) 336 [95 Pac. (2d) 465] ; *Union Oil Co.* v. *Domengeaux*, 30 Cal. App. (2d) 266 [86 Pac. (2d) 127] ; *Moon* v. *Marker*, 26 Cal. App. (2d) 33 [78 Pac. (2d) 460] ; sec. 475, Code Civ. Proc.)

The judgment roll only being before us, there is of course nothing which shows that defendants and appellants have been misled to their prejudice, or that the error otherwise appears to have been injurious. Indeed it is difficult to see how the appellants could have been misled, prejudiced, or injured, when such misjoinder was apparent on the face of the amended complaint, and must have been known to them, more than six months before the date of trial, and no issue was raised upon that point until the trial.

This brings us to the final point of the case, as to whether the court erred in permitting the second amended complaint to be filed, and in adding to its findings, at the time of denying the motion for a new trial.

In section 662 of the Code of Civil Procedure, relating to motions for new trial, it is provided: "In ruling on

such motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings''. This power the court had, whether the second amended complaint was, or was not filed, if there was evidence to support such finding. The evidence is not before us, and in the absence of a showing to the contrary, we must assume that there was evidence to support this added finding. It is unnecessary, therefore, to pass upon the question as to whether it was error to permit the filing of the second amended complaint.

Section 475 of the Code of Civil Procedure provides:

"No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown.''

■ If we were to assume that it was error for the court to permit the filing of the second amended complaint, and to make the added finding, where can appellants show that they have been prejudiced thereby, or sustained substantial injury, or that a different result would have been probable, if such error had not been made?

The widow, by bringing this action, as guardian *ad litem* for the children, was estopped from thereafter bringing an action in her own right. (*Girard* v. *Irvine,* 97 Cal. App. 377 [275 Pac. 840].) By the amendment, in the second amended complaint, she disclaimed any right to damages, and the added finding held she was not entitled to any. This was not harmful to appellants, but favorable to them. Since there can be but one action under section 377, *supra,* the widow could not bring a second action for her own damage. (*Daubert* v. *Western Meat Co., supra; Salmon* v. *Rathjens, supra.*) The failure to name the widow as plaintiff, was not to the disadvantage of appellants, for, had she been named, the effect would have been, as said in *Salmon* v. *Rathjens, supra,* "to enhance rather than to diminish the damage''.

The court concludes that the errors, if any, that appear in the record, have not been prejudicial to appellants, have not caused them to suffer any substantial injury, and that a different result would not be probable, had such errors not occurred. Such errors have not resulted in a miscarriage of justice, within the meaning of section 4½ of article VI of the Constitution of California.

The judgment and orders appealed from are affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 17, 1941.