[Civ. No. 19527.   Second Dist., Div. Two.   Dec. 9, 1953.]

Estate of GEORGE W. KING, Deceased. JOSEPH E. BREWER et al., Respondents, v. GLADYS KING, Appellant.

Prudence M. Thrift for Appellant.

Danielson & St. Clair for Respondents.

McCOMB, J.—Gladys King, individually and as administratrix with the will annexed of the estate of George W. King, appeals from the order allowing and settling the account of a deceased executor, Griffin W. Wilson, which was filed by the respondents herein.

*Facts*: The present appeal is one step in a long series of litigation that appellant commenced with the death of George W. King in December, 1941. In *Estate of King*, 63 Cal. App.2d 365 [146 P.2d 952], some of the facts concerning the relationship of appellant and decedent are set forth. Appellant and George W. King were married in Reno, Nevada, in September, 1938, after a somewhat quarrelsome trip. At that time decedent was 85 years of age and appellant 34.

By his will executed November 5, 1928, defendant gave all his estate to Griffin Walter Wilson and his wife or to the

survivor. A codicil executed August 8, 1934, gave $1.00 to Lydia A. King, the testator's foster daughter, and two months after his marriage, on November 28, 1938, decedent executed another codicil republishing his former will and codicil, declaring that he had married Gladys King and that he was making no provision for his wife as he was transferring certain property into her name and his as joint tenants.

The wills and codicils were filed for probate, appellant filed a contest, a nonsuit was granted, and appellant unsuccessfully prosecuted an appeal therefrom. (See *Estate of King, supra.*)

The wife of Griffin W. Wilson predeceased him and he became entitled to the entire estate of George W. King except for the sum of $1.00 bequeathed to Lydia A. King, the foster daughter.

While the appeal of the will contest was pending, appellant, as special administratrix of this estate, filed on June 6, 1942, an action against Griffin W. Wilson and others by which she sought to recover for the estate certain described property. When the judgment in the will contest was affirmed on appeal, Griffin W. Wilson was substituted as plaintiff in the action and dismissed it. Gladys·King, at about the same time made a motion to be made plaintiff in the action in her individual capacity, which motion was denied. She then filed a petition for a writ of review with the District Court of Appeal, questioning the jurisdiction of the trial court to make the substitution of Griffin W. Wilson. She alleged she had the right to file an action individually to establish her interest in the property in question, and she sought to have the order of the probate court set aside so that the property would be made subject to a *lis pendens*, while a suit was being prepared and filed for her. The District Court of Appeal denied such petition on September 8, 1944. On September 2, 1944, Gladys King filed an action to quiet title and for an accounting against Griffin W. Wilson and others in which she sought to recover for herself, individually, all the property which was included in the action filed by her as special administratrix. No summons was issued at the time the suit was filed. After demurrers to the complaint and to amended complaints were sustained, defendants filed an answer to the third amended complaint on June 7, 1945. No proceedings were taken to have the matter set for trial until two years later in June of

1947, at which time defendants made a motion for dismissal for failure to prosecute. Thereafter Gladys King made repeated attempts to postpone and continue the trial of the action, until finally on September 21, 1948, two days before the scheduled trial she voluntarily dismissed the action when her motion for a continuance was denied.

On June 30, 1945, Gladys King filed another action against Griffin W. Wilson and others to quiet title and for an accounting in which action she again sought to recover individually the same property. No summons was issued and served when the complaint was filed. Approximately three years later, in April, 1948, a demurrer was sustained to the second amended complaint without leave to amend. In November, 1948, the action of the lower court sustaining such demurrer was affirmed in *King* v. *Wilson,* 96 Cal.App.2d 212 [215 P.2d 50].

On June 6, 1946, Gladys King filed another action against Griffin W. Wilson as executor of the estate herein, on a rejected, amended claim of $6,000 for services as nurse, housekeeper and assistant to her husband from date of marriage to the date of death. No summons was issued on the filing of the complaint, and no summons was served until April of 1948. After a demurrer had been sustained to the complaint, the action was voluntarily dismissed by appellant on July 12, 1948.

On August 27, 1947, while the three actions last described were still pending, Gladys King filed another action to quiet title and for an accounting against Griffin W. Wilson and others by which she again sought to recover individually the identical property covered by the former actions. This action proceeded to trial on March 7, 1950, and after several days of trial upon the affirmative defenses set forth in the answer of defendants the court found that the action was barred by the statute of frauds and rendered judgment for defendants. Appellant prosecuted an appeal therefrom which was dismissed by the District Court of Appeal by a decision reported in *King* v. *Wilson,* 101 Cal.App.2d 242 [225 P.2d 270].

On March 23, 1951, an action was filed by Gladys King, individually and as administratrix with the will annexed of the estate of George W. King, deceased, against the estate of Griffin W. Wilson and others by which in separate counts she sought to recover individually and as administratrix all the property covered by the former actions. After the sustaining of a demurrer without leave to amend as to the action by her

as an individual, the cause is now pending by her as administratrix and is awaiting trial.

*Lis pendens* were filed in the above actions which have resulted in clouding title to such property of Griffin W. Wilson, his estate and the numerous other defendants practically continuously from June, 1942, to date.

After the death of Griffin W. Wilson on June 8, 1950, Gladys King, as the surviving spouse of decedent George W. King, was appointed administratrix with the will annexed of the estate of George W. King.

Joseph E. Brewer and Daniel Carmichael, as executors of the last will and testament of Griffin W. Wilson, filed an accounting of said deceased executor under section 932 of the Probate Code. In said accounting it was alleged, and the file in the proceeding corroborates the facts that the only assets of the estate of George W. King consisted of a pile of lumber appraised at $200 and a lot being purchased by decedent on a contract of sale. Griffin W. Wilson, as executor, filed a return of sale of said property but the return of sale was ordered off calendar because Gladys King had clouded title to the property through litigation. Thereafter a petition for an order approving sale of the personal property was filed, but the matter was again placed off calendar upon the objection of appellant Gladys King to the approval of such sale. Thereafter another return of sale of personal property was filed to which Gladys King again objected, stating in writing that she was the owner of the real property, entitled to the exclusive possession thereof as a result of the purchase of the lot, and further stated she had acquired the right to the personal property and would not permit anyone to enter on the real property to remove such personal property. Gladys King also filed in this proceeding a notice of forfeiture, stating she had acquired the real property which decedent was purchasing under such contract of sale and she was thereupon declaring a forfeiture of all rights of the estate of George W. King therein. As a result of such actions Griffin W. Wilson, executor of the estate, never came into possession of any property of decedent and consequently on the accounting of said deceased executor there was no property for which to account.

Appellant, as administratrix with the will annexed of George W. King and also individually, filed objections to the account of the deceased executor, alleging she was an heir under the will of George W. King, that as special administra-

trix of the estate she had commenced an action in 1942 against Griffin W. Wilson and others seeking to recover certain real property and for an accounting of rents, profits and issues therefrom, and that Griffin W. Wilson, while he was the only acting executor of the estate, caused the action to be dismissed.

Respondents served upon appellant a notice of motion to strike the aforesaid objections. After hearing upon the motion of respondents the probate judge, The Honorable Victor Hansen, made an order striking the objections to the account of the deceased executor. Thereupon Judge Condee approved the account of said deceased executor. Appellant appeals from this order.

■ *Questions*: First: *Was Gladys King, individually, a person interested in decedent's estate?*

*No.* Gladys King claims that she is a person interested in decedent's estate, for "she states that she is an heir of the estate." This assertion is a mere allegation of a conclusion of law and is contrary to the facts which appear in the record. Decedent's second codicil[1] expressly provided that decedent was not making any provision for his wife (appellant) because he was transferring to her certain specified property. Therefore she is obviously not a devisee under decedent's will and not interested as such in his estate. She is not entitled to maintain this appeal individually.

There is likewise no merit in appellant's contentions, (1) that she is interested because a foster daughter of decedent was entitled to receive $1 under his will, since this fact does not in any way make appellant a party interested in the estate; (2) that she in 1945 filed a petition for a family allowance and for a probate homestead and thus was a person interested in the estate, since more than eight years elapsed from the time such petitions were filed without appellant's taking any action to have them disposed of, it is clear that she has abandoned such petitions, and that laches has intervened to prevent her from asserting any claims to the estate. She is not therefore a person interested in the estate and as such is not entitled to appeal from the orders of the probate court.

---

[1]Section 101 of the Probate Code provides: "Several testamentary instruments executed by the same testator are to be taken and construed together as one instrument. A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible." It is therefore apparent that the original will and codicils were to be read together and interpreted as though they were parts of a single instrument. (*Estate of Cutting*, 172 Cal. 191, 195 et seq. [155 P. 1002, Ann.Cas. 1917D 1171].)

■ Second: *Was appellant, as administratrix of the estate, a person interested within the meaning of section 927 of the Probate Code[2] and thus entitled to object to the account of the deceased executor?*

*No.* Griffin W. Wilson, the deceased executor, was the devisee and legatee of all the property excepting one dollar of the estate of George W. King. Probate Code, section 581, referring to the power of the representative of an estate provides in part:

". . . after the time to file or present claims has expired he is not entitled to recover the possession of any property of the estate from any heir who has succeeded to the property in his possession, or from any devisee or legatee to whom the property has been devised or bequeathed, or from the assignee of any such heir, devisee, or legatee, unless he proves that the same is necessary for the payment of debts or legacies, or of expenses of administration already accrued, or for distribution to some other heir, devisee or legatee entitled thereto."

The foregoing section is applicable to the facts in the instant case. If any action had been or were to be here prosecuted against Griffin W. Wilson and his successors, and property actually recovered for the estate, then the same property would be distributed to him under the will of decedent. The appellant attempts to avoid the effect of such section by asserting the time to file creditors' claims had not expired because the notice to creditors was published after a notice of appeal was filed, which assertedly divested Griffin W. Wilson as executor of all his powers.

This argument by appellant would be valid only if the notice of appeal were effective, which it was not. The following chronology is important in determining the validity of the notice of appeal:

(1) Minute order of November 19, 1942, granting nonsuit of will contest and admitting will and codicils to probate;

(2) Notice of appeal filed November 25, 1942;

---

[2]Section 927, Probate Code, reads:

"Any person interested in the estate may appear and file written exceptions to the account, and contest the same. Upon the hearing, the executor or administrator may be examined on oath touching the account and the property and effects of the decedent, and the disposition thereof. All matters, including allowed claims not passed upon on the settlement of any former account and not reduced to judgment, may be contested for cause shown. The court may appoint one or more referees to examine the accounts, and make report thereon, subject to confirmation; and may allow a reasonable compensation to them to be paid out of the estate."

(3) Judgment of nonsuit and order admitting will to probate and appointment of executor without bond signed and filed November 30, 1942;

(4) Letters Testamentary issued to Griffin Walter Wilson December 2, 1942;

(5) Formal entry of judgment December 3, 1942;

(6) Publication of notice to creditors, first publication December 30, 1942.

At the time the above notice of appeal was filed, Code of Civil Procedure, section 939, was the effective statute relating to the time of appeal. Such statute was substantially the same as rule 2 of Rules on Appeal, which controls appeals at the present time. Section 939, Code of Civil Procedure, then provided in part: "An appeal may be taken from any judgment or order of a superior court from which an appeal lies under any provision of this code, or of any other code, or under any other statute, within sixty days from the entry of said judgment or order. No appeal, however, shall be dismissed on the ground that it was taken after the rendition of such judgment or order and before formal entry."

In the instant case notice of appeal was filed November 25, 1942, which was before the entry of judgment on December 3, 1942. Such notice was premature unless it falls within the saving clause provided in the last sentence above quoted. The question then to be determined is whether the appeal was taken after the rendition of the judgment. ■ The authorities are uniform in holding that a minute order or memorandum decision is not the rendition of the judgment or order.

In *Supple* v. *Luckenbach*, 12 Cal.2d 319 [84 P.2d 52], the trial judge on January 13, 1938, filed a paper entitled "Memorandum Decision and Order for Findings," in which he stated that the judgment should be for plaintiff and directed plaintiff's counsel to prepare findings and conclusions. Defendant thereafter, but before a valid judgment was signed by the judge, filed a notice of appeal. The motion to dismiss the appeal on the ground that the notice of appeal was filed prematurely was granted. The Supreme Court said at page 320: "It is well settled in this state that an appeal from a judgment taken prior to the rendition of the judgment is prematurely taken and does not vest the appellate court with jurisdiction to entertain the attempted appeal. (*Aspegren & Co., Inc.* v. *Sherwood, Swan & Co.*, 199 Cal. 532 [250 Pac. 400].)"

■ In considering a similar problem our Supreme Court in the case of *Estate of Lopus,* 12 Cal.2d 651, 652 et seq [86 P.2d 818], said: ''It appears that on May 25, 1937, the probate judge rendered what is expressly captioned in the record an 'Opinion,' which concluded with the words 'Let a formal order be presented.' On June 17, 1937, the appellant filed her notice of appeal. But, it was not until June 24, 1937, that the court signed and filed its findings of fact and judgment. It is immediately apparent that the notice of appeal antedated the judgment by several days.

''Appellant urges that contrary to the early rule, it is now provided by statute that 'No appeal . . . shall be dismissed on the ground that it was taken after the rendition of such judgment or order and before formal entry.' (Sec. 939, Code Civ. Proc; sec. 1233, Prob. Code.) *However, it is definitely settled that the 'rendition' of a judgment, within the meaning of the quoted language, occurs upon the signing and filing of the findings of fact and conclusions of law. (Aspegren & Co.* v. *Sherwood, Swan & Co.,* 199 Cal. 532 [250 Pac. 400] ; 2 Cal. Jur. 398, sec 167.) Here, as stated, the findings and judgment were signed and filed several days after the filing of the notice of appeal. There had been no 'rendition' of judgment at the time of the noticing of the appeal.'' (Italics added.) (See, also, *Estate of Dodds,* 52 Cal.App.2d 287, 289 [2] [126 P.2d 150].)

■ It is settled that a premature notice of appeal as in the instant case does not divest the trial court of jurisdiction of the proceeding, and does not vest any jurisdiction in an appellate court, whether or not the lack of jurisdiction is called to the attention of the appellate court. The rule is thus well stated in *Brady* v. *Burke,* 90 Cal. 1, 5 [27 P. 52] : ''If the attention of this court had been called to the fact that it had before it an appeal from a judgment which had never been entered, and which was still within the control of the lower court, the appeal would have been dismissed. But whether this was done or not, the appeal was ineffectual, and this court was in fact without jurisdiction to entertain it. The appeal was futile, and the case remained in the lower court disturbed. (*Home for Care of Inebriates* v. *Kaplan,* 84 Cal. 488.)''

In the instant case the minute order of November 19, 1942, did not constitute the rendition of a judgment or order, and it expressly provided that the attorney for the proponent was to prepare the order. Before the judgment of nonsuit and

order admitting the will to probate and appointment of executor without bond was signed or filed the notice of appeal was filed by appellant. Since this notice was premature and before the rendition of judgment or order it was wholly ineffective for any purpose.

This being true the jurisdiction of the matter remained in the probate court regardless of the fact the District Court of Appeal did hear the matter on appeal. This also being the fact, there was no suspension of the powers of Griffin W. Wilson as executor of the estate. Therefore the notice to creditors first published on December 30, 1942, was valid and the time for filing of creditors' claims has long since expired.

Under these facts section 581 of the Probate Code prevents the action against Griffin W. Wilson or his successors for recovering possession of property to which he was entitled to take as devisee and legatee under the will herein.

Appellant as the successor representative, being unable in the face of section 581 of the Probate Code to maintain any action against the successors of Griffin W. Wilson, is not a person interested in the estate within the provisions of Probate Code, section 927. Therefore she was not entitled to object and contest the accounting filed on behalf of the deceased executor.

For the foregoing reasons the probate court was justified in dismissing the objections to the account of the deceased executor for the purpose of preventing further vexatious and harassing action and to prevent misuse and abuse of the court's processes. ■ A court has inherent power by summary means to prevent an abuse of its processes and peremptorily to dispose of causes of action and defenses that are sham, frivolous or wholly vexatious.

The rule is aptly stated in *Pueblo de Taos* v. *Archuleta,* 64 F.2d 807, 812 as follows: "It is strongly urged that if a trial court may not dismiss with prejudice an action brought merely for vexation, that the process of the court cannot be protected from abuse; that where the mere pendency of the action seriously impairs property rights, counsel may continue to use the pendency of the action as a weapon of extortion by refiling the case *ad infinitum. Houston* v. *City and County of San Francisco* (C.C.Cal.) 47 F. 337. The court is not powerless, for it has wide disciplinary powers over counsel and litigants who attempt to abuse its process.

"The trial court found that the cause was not filed for the purpose of obtaining a judicial determination of the titles

to the real estate described, but for the purpose of inducing Congress to make additional appropriations for the benefit of plaintiff. While the evidence has not been preserved, the record in the other case discloses support for this finding. The predecessor to this case was filed for more than a year, with no effort to get service. The court specifically found that two other similar cases were brought by the same counsel, with no effort to get service. Under the Pueblo Lands Act, the mere pendency of the case prevents the filing of the field notes, and clouds the title of the settlers. Because of these record facts, and because the evidence before the trial court is not preserved, we accept the conclusion of the trial court that the filing of this action is an abuse of the process of the court.

"A court has inherent power to determine whether its process is used for the purpose of vexation or fraud, instead of the single purpose for which it is intended—the adjudication of bona fide controversies. It is the duty of the court to prevent such abuse, and a dismissal of the cause is an appropriate way to discharge that duty. *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319, 47 S.Ct. 361, 71 L.Ed. 658; *Houston v. City and County of San Francisco* (C.C.Cal.) 47 F. 337. In *Gumbel v. Pitkin*, 124 U.S. 131, 145, 8 S.Ct. 379, 384, 31 L.Ed. 374, the Supreme Court said: 'As we have already seen, and as has been many times declared by this court, the equitable powers of the courts of the United States, sitting as courts of law, over their own process, to prevent abuse, oppression, and injustice, are inherent, and as extensive and efficient as may be required by the necessity for their exercise, and may be invoked by strangers to the litigation as incident to the jurisdiction already vested, without regard to the citizenship of the complaining and intervening party.' "

In the instant case appellant by one action or proceeding after another has kept litigation involving the same identical issue pending since the death of George W. King in December of 1941. She successfully frustrated the attempt of Griffin W. Wilson as executor to realize something from the assets that were in the estate. She has consistently clouded title to the property of Griffin W. Wilson and of his estate as well as other defendants named in the various actions.

Since the affirmance of the appeal on appellant's unsuccessful will contest, she has filed five lawsuits against Griffin W. Wilson and others, four of which were practically identical, in seeking to recover on a trust theory certain described property which was allegedly held for her deceased husband who

had, not without cause, disinherited her. The record of such actions clearly evinced the fact that appellant was not proceeding in good faith to secure a judicial determination of her alleged rights. The pattern she followed was typical of the procedure of one using the processes of the court for the purpose of harassment, vexation and delay rather than for a determination of bona fide controversies. Actions were filed without the issuance or service of summons, actions were not set for trial when at issue, actions were voluntarily dismissed, and every effort was made to delay and procrastinate. Gladys King objected to and delayed all efforts of the executor to liquidate the limited assets that were actually in the estate until she finally was able to acquire rights to the property and declare a forfeiture of the estate's interest, thereby preventing any recovery for the estate.

Appellant has filed six actions against the same defendants. In addition she has filed numerous objections in the estate proceedings and has intermeddled without right in the estate of Griffin W. Wilson. She has prosecuted four appeals in the appellate court and filed a separate petition for writ of review in all of which she was unsuccessful. Justice may be blindfolded, but it is not stupid and the courts have the power to prevent abuse of their processes. The probate judge, in ruling on the motion of respondents had before him the files in the numerous actions above mentioned. A study of these could lead to only one conclusion, namely, that the multiplicity of actions filed and maintained by appellant were not for the purpose of adjudication but were filed and maintained for the purpose of vexation and harassment. Even though there is still pending one action by appellant, as administratrix with the will annexed of the estate of George W. King against respondents and others, the trial judge correctly ruled that appellant was not entitled to pursue her objections to the account of the deceased executor, and further impose upon the time of the court and misuse and abuse the processes of the courts for the purpose of continued vexation and harassment.

The appeal in the instant case being obviously frivolous it is a proper case to impose damages as provided in section 957 of the Code of Civil Procedure. The court should not permit the appellate processes to be abused. See *Toohey* v. *Toohey*, 97 Cal.App.2d 84, 88 [217 P.2d 108], where Mr. Presiding Justice Peters pertinently states the rule applicable to the instant case: "Not only has this frivolous appeal imposed

a wholly unnecessary burden on respondent, but, by improperly consuming the time of a busy court, it has adversely affected the rights of other litigants properly before the court. This warrants the imposition of a penalty. (*Hendricks* v. *Pappas,* 82 Cal.App.2d 774 [187 P.2d 436].) ''

The order is affirmed and pursuant to section 957 of the Code of Civil Procedure, the sum of $250 is assessed against appellant and added to the costs as a penalty for the taking of a frivolous appeal.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied December 30, 1953, and appellant's petition for a hearing by the Supreme Court was denied February 3, 1954. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.